ANGELA TODD et al., Plaintiffs-Appellants, v. STEPHEN H. KATZ et al., Defendants-Appellees.

Second District   No. 2—89—0074

Opinion filed August 31, 1989.

William J. Arendt and David M. Mattenson, both of Kanter & Mattenson, Ltd., of Chicago, for appellants.

D. Kendall Griffith, Stephen R. Swofford, Nancy G. Lischer, and Mark W. Conrad, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Angela Todd, William Noble Todd, and Letitia Rei Todd, appeal from the dismissal of their complaint for legal malpractice against defendants, Stephen H. Katz, and Rawles, McKeown & LaMonaco, Ltd., after the trial court found that the doctrine of collateral estoppel barred the action. We affirm.

The facts leading to this appeal are set forth in *In re Marriage of Todd* (1985), 132 Ill. App. 3d 1164, 494 N.E.2d 960 (unpublished order under Supreme Court Rule 23), and will be briefly described herein. We note that the complaint in the previous case was brought by plaintiff, Angela Todd, individually, and as mother and next friend of William Noble Todd and Letitia Rei Todd. Plaintiffs retained defendant Katz, who was a partner of defendant Rawles, McKeown .& LaMonaco, Ltd., at the time of the alleged negligence, to represent them

as their attorney in a divorce action. William S. Todd and Angela Todd were married in 1965 and had two children, William Noble Todd and Letitia Todd. A judgment of dissolution was entered in 1979 which incorporated their marital settlement agreement, which provided, *inter alia*:

> "Certain life insurance policies presently owned and the premiums of which are paid by the Husband shall be continued in force and effect to insure that the terms of this marital agreement are carried out in the event of the Husband's death. Accordingly, the Husband shall maintain the life insurance policies enumerated in Exhibit 'A' attached hereto; the Husband represents that the life insurance policies shall have a face amount of not less than One Hundred Thousand ($100,000.00) Dollars. The proceeds of these life insurance policies shall be payable to an irrevocable life insurance trust, so long as the Husband has any obligations hereunder; and the Husband shall maintain a quantity of life insurance of a face value of not less than One Hundred Thousand ($100,000.00) Dollars. If, at the time of the Husband's death, the life insurance trust is funded with funds sufficient to carry out the Husband's obligations under this marital settlement agreement, the Wife shall waive any claim against the Husband's estate. The Husband shall cause a certificate evidencing such insurance to be furnished to the wife."

Exhibit "A" was never attached to the marital settlement agreement, and William Todd did not establish an irrevocable trust or provide Angela Todd with a certificate of insurance.

William Todd subsequently died, and plaintiffs filed an "amended post-decree petition for relief" alleging that William Todd failed to comply with the terms of the marriage settlement agreement because he did not establish an irrevocable life insurance trust or designate insurance policies with a face value of $100,000 for the trust. Plaintiffs also alleged that of the $735,000 of life insurance proceeds due on William Todd's death, Marlene Todd, who was William Todd's wife at the time of his death, and John Reid Todd, William Todd's son from a prior marriage, wrongfully received over $350,000 of the insurance proceeds upon which plaintiffs sought to impose an equitable lien and constructive trust.

Marlene Todd and the present plaintiffs filed cross-motions for summary judgment. Plaintiffs argued that at the time of William Todd's death he owned five life insurance policies which he also had owned at the time the marital settlement agreement was entered into; that these policies were the policies referred to in the marital

settlement agreement; that Marlene Todd was made beneficiary of some of these policies contrary to the judgment for dissolution of marriage; and that as a result of William Todd's breach of the marital settlement agreement, Marlene Todd and John Reid Todd had wrongfully received $350,000 of life insurance proceeds. Marlene Todd argued that plaintiffs were not entitled to the relief requested in their complaint because they had received in excess of $100,000 of life insurance proceeds, and the marital settlement agreement only required William Todd to maintain $100,000 of life insurance for the benefit of plaintiffs.

In the earlier case, the trial court granted Marlene Todd's motion for summary judgment, finding that William Todd's obligations under the judgment for dissolution of marriage were contemplated and agreed to be discharged in the amount of $100,000 and that, because plaintiffs received in excess of $100,000, William Todd had complied with the terms and conditions of the judgment for dissolution of marriage. In a Rule 23 order (107 Ill. 2d R. 23), this court affirmed the trial court's judgment, concluding that "[w]e believe that William agreed to be obligated only to the extent of the minor children's needs and placed a limitation on the amount of insurance he would maintain to meet those needs and that the trial court properly interpreted that limitation." We stated there that while William Todd's intent was a question of fact, his intent was not material to a disposition of the case because the primary issue was whether his obligations under the settlement agreement were satisfied and that those obligations were apparent from the face of the settlement agreement. We rejected plaintiffs' argument that the phrase "[c]ertain life insurance policies" used in the marriage settlement agreement was intended to mean "all" of the life insurance policies owned by William Todd at the time the settlement agreement was entered into, and found that the parties to that agreement only intended that William Todd maintain life insurance policies in the amount of $100,000 for plaintiffs' benefit. 132 Ill. App. 3d 1164, 494 N.E.2d 960.

Plaintiffs filed their present complaint alleging that they had retained attorney Katz to represent them in the divorce proceeding; that Katz owed them a duty of reasonable care and due diligence in negotiating and drafting the marital settlement agreement; that Katz breached his duty of care by failing to attach Exhibit "A"; and that as a proximate cause of Katz's failure to attach the exhibit, plaintiffs did not receive in excess of $300,000 of additional insurance proceeds and have incurred attorney fees to maintain the prior post-decree proceeding. Defendants moved to dismiss the complaint pursuant to sec-

tion 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), alleging that plaintiffs' complaint was barred by collateral estoppel and estoppel by verdict. The trial court granted the motion, finding that the question of whether plaintiffs were entitled to receive additional life insurance proceeds was previously adjudicated and affirmed on appeal, and as this court held that plaintiffs had received in excess of $100,000, they could not show that they suffered any damages and did not state a cause of action.

■■ ■ The doctrine of collateral estoppel applies when a party participates in two separate cases where different causes of action are alleged and a controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit. (*Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959.) The parties need not be identical in both actions but the party against whom collateral estoppel is asserted must have had an opportunity to litigate the issue. The prior adjudication must also be final. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7, 398 N.E.2d 9.) The plaintiffs in this case were all plaintiffs in *In re Marriage of Todd* (1985), 132 Ill. App. 3d 1164, 494 N.E.2d 960, where this court affirmed the trial court's summary judgment in favor of Marlene Todd on the basis that the marital settlement agreement only required William Todd to maintain life insurance policies for plaintiffs in the amount of $100,000, which he did maintain. Thus, a controlling fact in this case, whether plaintiffs suffered damage because of Katz's failure to attach Exhibit "A" to the marital settlement agreement, has already been adjudicated against plaintiffs. Plaintiffs are estopped from claiming that they would have been entitled to collect additional insurance proceeds in excess of $100,000 but for Katz's alleged negligence, and an essential element of their cause of action here is that they suffered an injury proximately caused by Katz's alleged negligence. (See, *e.g., Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96 (complaint couched in terms of negligence for legal malpractice must set forth facts that establish an injury proximately resulting from a breach of a duty owed by the defendant to the plaintiff).) The trial court correctly found that plaintiffs failed to state a cause of action in this case.

■■ Plaintiffs argue that while the issue of whether William Todd fulfilled his obligations under the marital settlement agreement may have been decided, the controlling factual issue in this case has not been decided. They assert that the issue here is which of the five policies owned by William Todd at the date of his death were intended to

be included in Exhibit "A". We see no distinction between this issue and the issue that has been previously decided and affirmed by this court.

■ Plaintiffs also argue, without citation to authority, that they are entitled to damages as a result of the attorney fees incurred in the prior post-decree proceeding. This issue has been waived as plaintiffs' initial brief did not raise it and they offer it for the first time in their reply brief. 113 Ill. 2d R. 341(e)(7); *Ray Dancer, Inc. v. DMC Corp.* (1988), 175 Ill. App. 3d 997, 1005, 530 N.E.2d 605.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.