SIXTH DIVISION
September 7, 2007

No. 1-05-3969

| | | |
|---|---|---|
| SPIRO VISVARDIS AND JOANNE VISVARDIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC P. FERLEGER, P.C., ERIC P. | ) | |
| FERLEGER, FERLEGER & ASSOCIATES, and | ) | |
| FERLEGER & COHEN, | ) | Honorable |
| | ) | Abishi Cunningham, |
| Defendants-Appellees. | ) | Judge Presiding |

OPINION AS MODIFIED UPON DENIAL OF REHEARING

JUSTICE McNULTY delivered the opinion of the court:

In July 2002, Spiro Visvardis brought a legal malpractice action against Eric Ferleger, the attorney who represented him in a lawsuit against Spiro's brother, Nick Visvardis. The trial court dismissed the complaint against Ferleger, under section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2002)), based on the decision of the court that dismissed the underlying action against Nick. We hold that the court should not have considered documents outside of the complaint in ruling on Ferleger's motion to dismiss under section 2-615. Because Spiro has alleged facts that could support a finding he would have won the underlying lawsuit if Ferleger had not acted negligently, we reverse and remand. We publish the decision to criticize and clarify the rule in Illinois requiring plaintiffs in legal malpractice cases to plead the solvency of the

1-05-3969

underlying defendants.


BACKGROUND

In 1986, Spiro and Nick formed Techco, a company specializing in industrial painting and sandblasting. Nick and Spiro each owned half of Techco's shares. Nick managed Techco's finances and Spiro oversaw the work sites. Techco employed Nick's wife, Maria Visvardis, to handle various accounting matters. Nick and Maria also set up two other corporations, which they named Tecorp and Omega Industries. Techco granted the National Bank of Greece a security interest in Spiro's primary residence in exchange for a loan. On December 31, 1995, Techco had $425,602 in cash, accounts receivable of $631,437, and retained earnings in the amount of $784,851. The National Bank foreclosed the mortgage on Spiro's home in 1996 because Techco defaulted on the loan.

In July 1997, through Ferleger, Spiro sued Nick, Maria, Techco, Tecorp, and Omega Industries ("the original defendants"), seeking equitable relief and damages for breach of fiduciary duty and fraud. According to the complaint in the action for legal malpractice, Nick and Spiro agreed to take equal salaries from Techco. Techco paid Spiro $28,600 in 1996, while it paid Nick $72,800 in salary and $101,810 in other income. Also in 1996

-2-

Nick transferred $400,000 from Techco's bank account to his personal bank account without Spiro's authorization and without Spiro receiving a similar monetary draw. Nick changed all of the locks on the doors of Techco without providing Spiro new keys. He removed Spiro as an authorized signatory from Techco's bank accounts. Maria forged Spiro's signature on negotiable instruments written on behalf of Techco. Nick and Maria intentionally defaulted on the loan from National Bank, despite the availability of substantial assets to repay the loan.

According to the complaint Spiro filed against Ferleger, Nick owned all shares of Allied Maintenance Contractors, and Maria owned Tecorp and served as president of Century Financial & Realty Corporation. In July 1997 Century purchased Techco's assets, valued at $996,098, for $87,970.45. Pete Maroulis, a former Techco employee, swore in an affidavit incorporated into the malpractice complaint that subsequent to 1996, Nick and Maria owned various pieces of equipment costing a total of approximately $422,000, Techco performed several jobs from which it earned approximately $740,000, and Allied Maintenance performed several jobs from which it earned over $1 million.

On May 2, 2000, the original defendants moved for summary judgment. Ferleger filed a response that included an expert opinion as to the amount of damages Spiro sustained. The court

granted the motion for summary judgment, stating that Ferleger failed to produce "a single fact" in his response. On behalf of the plaintiffs, Ferleger filed a motion to reconsider the court's entry of summary judgment. To this motion, Ferleger attached 30 exhibits, including various affidavits, a "Facts Chart," and other materials.

The court denied the motion, stating that Ferleger had produced "an unorganized bulk of fact, charges, lists [of] a bunch of things that are supposedly facts. They're not organized in any way as to how they're material facts." The trial court noted that the affidavit of the expert indicated that he lacked the documents he needed to reach a conclusion concerning some of Spiro's allegations of wrongdoing. The trial court reasoned:

"The proper procedure would have been *** to insist vigorously on that production in front of the Court with a motion to compel. That was not done. The motion for reconsideration is not the proper vehicle for Counsel to reverse his trial tactics."

Ferleger filed an appeal on behalf of Spiro on April 19, 2002. Spiro retained new counsel to prosecute the appeal. On June 30, 2003, this court affirmed the judgment in favor of the original defendants.

In July 2002, Spiro initiated a legal malpractice action

against Ferleger, alleging that Ferleger acted negligently by failing to sue all responsible parties, by failing to obtain all documents the expert needed, and by failing to produce available evidence in response to the motion for summary judgment. In November 2005, the trial court dismissed Spiro's fourth amended complaint, with prejudice, pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2002). The trial court found that even if Ferleger had not committed the alleged malpractice, Spiro would have lost his claim against the original defendants. The trial court reasoned, "both the trial and appellate courts found the facts as alleged to be insufficient to sustain the case" against the original defendants. Spiro now appeals.

ANALYSIS

A section 2-615 motion attacks only the legal sufficiency of the complaint. 735 ILCS 5/2-615 (West 2002); Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 484 (1994). Section 2-615 motions "raise but a single issue: whether, when taken as true, the facts alleged in the complaint set forth a good and sufficient cause of action." Scott Wetzel Services v. Regard, 271 Ill. App. 3d 478, 480 (1995). Ferleger brought his motion pursuant to section 2-615, but his arguments and the trial court's rulings rest primarily on the appellate court's disposition of the underlying action. Ferleger argues that

Visvardis is "[r]ehashing unsuccessful allegations and materials" rejected by the court in the underlying case. Ferleger asserts that "there is nothing in the record suggesting that the trial and appellate courts in the underlying case" did not review the new evidence submitted with the motion for reconsideration. Spiro did not incorporate into the complaint against Ferlenger the appellate court's order disposing of the underlying action. Facts not alleged in or attached to the complaint cannot support a section 2-615 motion. Gilmore v. Stanmar, Inc., 261 Ill. App. 3d 651, 654 (1994).

In essence, Ferleger's argument sounds in collateral estoppel. He claims that Spiro cannot relitigate a question that the appellate court has adjudicated against him in the underlying suit. Todd v. Katz, 187 Ill. App. 3d 670, 674 (1989). Defendant should use section 2-619(a)(4) (735 ILCS 5/2-619(a)(4) (West 2002)) to attack the complaint on grounds that a prior judgment bars the cause of action. See Todd, 187 Ill. App. 3d at 674.

Meticulous practice requires proper designation of all motions. Premier Electrical Construction Co. v. La Salle National Bank, 115 Ill. App. 3d 638, 642 (1983). The appellate court shall reverse if the misdesignation prejudices the nonmovant. Premier Electric, 115 Ill. App. 3d at 642. Here, at the hearing on the motion to dismiss, Spiro argued only the sufficiency of

the allegations in his complaint, as he should in opposition to a motion to dismiss pursuant to section 2-615. The trial court asserted that section 2-615 warranted the dismissal. However, the trial court's reasoning relied on facts *outside* the complaint, specifically that "both the trial and appellate courts found the facts as alleged to be insufficient to sustain the case" against the original defendants.

Spiro did not have an opportunity to respond properly to the mislabeled motion. Allowing the defendant to attack the complaint under section 2-619 after failing to file the proper motion would be unjust "because the purpose of the statute is to give the plaintiff an opportunity to respond to the objection and to cure the defect in the trial court." Rowan v. Novotny, 157 Ill. App. 3d 691, 694 (1987). As Ferleger brought only a section 2-615 motion, and the court granted only a section 2-615 motion, we will confine our review to the standards for reviewing section 2-615 motions. Accordingly, we ignore all arguments based on facts not shown on the face of the complaint.

Ferleger, relying on Goran v. Glieberman, 276 Ill. App. 3d 590 (1995), urges us to take judicial notice of the appellate court's judgment. In Goran the court took judicial notice of documents in the record in order to decipher when plaintiff incurred attorney fees. Goran, 276 Ill. App. 3d at 596. However,

the defendant in <u>Goran</u> brought his motion to dismiss under section 2-619, not section 2-615, and therefore the court could consider matters outside of the complaint. Furthermore, in <u>Goran</u>, the use of the documents did not prejudice either party.

We review a dismissal under section 2-615 *de novo*. <u>Hopewell v. Vitullo</u>, 299 Ill. App. 3d 513, 516 (1998). In order to withstand a motion to dismiss based on section 2-615, a complaint must allege facts that set forth the essential elements of the cause of action. <u>Urbaitis v. Commonwealth Edison</u>, 143 Ill. 2d 458, 475 (1991). "[A] court must take as true all well-pled allegations of fact contained in the complaint and construe all reasonable inferences therefrom in favor of the plaintiff." <u>Vernon v. Schuster</u>, 179 Ill. 2d 338, 341 (1997). In ruling on a motion to dismiss, the court will construe pleadings liberally. <u>Pfendler v. Anshe Emet Day School</u>, 81 Ill. App. 3d 818, 821 (1980). However, the court will not admit conclusions of law and conclusory allegations not supported by specific facts. <u>Village of South Elgin v. Waste Management of Illinois, Inc.</u>, 348 Ill. App. 3d 929, 930-31 (2004). "A plaintiff is not required to prove his case in the pleading stage; rather, he must merely allege sufficient facts to state all the elements which are necessary to constitute his cause of action." <u>Claire Associates v. Pontikes</u>, 151 Ill. App. 3d 116, 123 (1986).

To plead a cause of action for legal malpractice, a plaintiff must allege facts that could support a finding that (1) the attorney owed the plaintiff a duty arising from the attorney-client relationship, (2) the attorney breached that duty, and (3) the attorney's breach proximately caused the plaintiff to sustain damages. Metrick v. Chatz, 266 Ill. App. 3d 649, 652 (1994); Claire Associates, 151 Ill. App. 3d at 122. Where the malpractice claimant seeks to recover for loss of a cause of action, he must also plead and prove that he would have won a judgment against a solvent defendant. Sheppard v. Krol, 218 Ill. App. 3d 254, 259 (1991).

Ferleger does not challenge the sufficiency of Spiro's allegations of an attorney-client relationship and a breach of duty. To satisfy the proximate cause element of a malpractice action, Spiro must plead and prove that "but for" Ferleger's negligence, Spiro would have won the underlying action. Ignarski v. Norbut, 271 Ill. App. 3d 522, 526 (1995).

Spiro argues that he would have recovered a judgment against the original defendants on his breach of fiduciary duty claims but for Ferleger's negligence. To state a cause of action for breach of fiduciary duty, a plaintiff must allege: (1) a fiduciary duty on the part of the defendant and (2) a breach of that duty that (3) proximately caused (4) an injury. In re Estate

of Lis, 365 Ill. App. 3d 1, 8 (2006).  In Illinois Rockford Corp. v. Kulp, 41 Ill. 2d  215, 222-23 (1968), our supreme court held that 50% shareholders in a corporation owe each other fiduciary duties.  "[I]n a closely held corporation, the mere fact that a business is run as a corporation rather than a partnership does not shield the business venturers from a fiduciary duty similar to that of true partners."  Hagshenas v. Gaylord, 199 Ill. App. 3d 60, 70 (1990). In this case, Spiro's complaint alleges sufficient facts to support an inference that Nick had fiduciary duties to Spiro.

In Hagshenas, 199 Ill. App. 3d at 72, the court found that defendant had violated his fiduciary duty when the defendant opened a competing business and hired away all of the corporation's employees.  In Kulp, the defendant negotiated a better deal for himself in the sale of the corporation and misled the other 50% shareholder to believe they would both receive equal shares.  Our supreme court found that the defendant breached his fiduciary duties to the plaintiff.  Kulp, 41 Ill. 2d at 223.  Similarly, according to the complaint here, Nick repeatedly misappropriated funds from Techco for his own personal use without Spiro's authorization.  Nick locked Spiro out of Techco's offices and intentionally defaulted on Techco's loan, resulting in the loss of Spiro's home.  If Spiro proved these

allegations, a trier of fact could find that Nick breached his fiduciary duties. As Nick controlled Techco's accounts and payments on the bank loan the trier of fact could also infer that Nick caused Spiro's damages.

The appellate court in Sheppard, 218 Ill. App. 3d at 259, held that the plaintiff in a legal malpractice action must plead and prove that the defendant in the underlying case had some funds from which to pay any damages that a court would have awarded the plaintiff, had his attorney not committed malpractice. The court in Sheppard rested its holding on the dubious authority of Goldzier v. Poole, 82 Ill. App. 469 (1899). See Universal Underwriters Insurance Co. ex rel. Manley Ford, Inc. v. Long, 215 Ill. App. 3d 396, 400 (1991) (appellate court opinions dated before 1935 lack precedential value). Other jurisdictions have soundly criticized the rule adopted in Sheppard. Jourdain v. Dineen, 527 A.2d 1304, 1306 (Me. 1987); Kituskie v. Corbman, 452 Pa. Super. 467, 474, 682 A.2d 378, 383 (1996); Smith v. Haden, 868 F. Supp. 1, 2 (D.D.C. 1994); Ridenour v. Lewis, 121 Or. App. 416, 854 P.2d 1005 (1993); Teodorescu v. Bushnell, Gage, Reizen & Byington, 201 Mich. App. 260, 506 N.W.2d 275 (1993); Albee Associates v. Orloff, Lowenbach, Stifelman & Siegel, P.A., 317 N.J. Super. 211, 721 A.2d 750 (1999); Power Constructors, Inc. v. Taylor & Hintze, 960 P.2d 20, 31-32 (Alaska

1998).  Those courts have pointed to the unfairness of imposing the burden of proving solvency on the plaintiff, who may have lost evidence of solvency due to the attorney's negligence. Lindenman v. Kreitzer, 7 A.D.3d 30, 36, 775 N.Y.S.2d 4, 8 (2004). Because proof of uncollectability allows the negligent attorney to avoid compensating the plaintiff for the negligence, the attorney should bear the risk of uncertainty of proof concerning collectibility.  Power Constructors, 960 P.2d at 31-32. Nonetheless, Illinois apparently continues to require legal malpractice plaintiffs to plead and prove the solvency of the underlying defendants. Bloome v. Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., 279 Ill. App. 3d 469, 478 (1996); Klump v. Duffus, 71 F.3d 1368, 1374 (7th Cir. 1995).

Ferleger claims that Spiro must project some date on which he would likely have won a judgment in the underlying case and plead facts showing that on that date the underlying defendants had sufficient wherewithal to pay the judgment.  We find no support for such a requirement.  Instead the plaintiff must plead facts supporting an inference that after the date of the malpractice, and some time before the judgment against the underlying defendant would become unenforceable due to its age, the underlying defendant would have some funds available for payment of some part of the damages.  Klump v. Duffus, 71 F.3d at

1374; Lindenman, 7 A.D.3d at 36, 775 N.Y.S.2d at 9; Matson v. Weidenkopf, 101 Wash. App. 472, 3 P.3d 805 (2000).

According to the complaint against Ferleger, Ferleger first committed malpractice in July 1997 when he filed the insufficient complaint in the underlying case.  In 1997 and thereafter Nick continued a profitable business in industrial painting and sandblasting.  The corporations Nick and Maria owned generated almost $2 million in revenue after 1996.  Nick and Maria also owned industrial equipment costing more than $400,000.  The complaint adequately alleges facts that could support a finding that Nick remained solvent after the alleged malpractice.  Thus, Spiro has sufficiently alleged facts from which a trier of fact could infer that he had a viable cause of action against Nick.

Spiro contends that he has sufficiently pled that Ferleger's negligence caused him to lose the underlying action.  According to the complaint, Ferleger failed to produce any evidence in response to the motion for summary judgment.  Spiro further argues that Ferleger's production of evidentiary materials with the motion for reconsideration did not rectify the error.

Ferleger responds that the court in the underlying case considered the newly produced evidence and plaintiff still lost. According to the complaint against Ferleger, the trial court in the underlying case found that Ferleger had "not organized [the

-13-

evidence] in any way as to how they [show] material facts."  The trial court added that the expert lacked the documents he needed to assess Spiro's allegations of wrongdoing.  The trial court concluded that "[t]he motion for reconsideration [was] not the proper vehicle for Counsel to reverse his trial tactics."

Ferleger argues that the trial and appellate courts in the underlying action reviewed the evidence he presented in the underlying case and found it insufficient to require trial. Insofar as Ferleger's argument rests on documents outside of the complaint, Ferleger should have brought the motion under section 2-619(a)(4), not section 2-615.  Spiro has adequately alleged facts that could support a finding that Ferleger committed legal malpractice that caused Spiro to lose his viable claims against the original defendants.  Accordingly, we reverse the judgment dismissing the case pursuant to section 2-615, and we remand for further proceedings consistent with this opinion.

In his petition for rehearing Ferleger claims that the trial court properly took judicial notice of the decision on appeal in the case Spiro brought against Nick.  However, the record here includes no mention of judicial notice prior to the petition for rehearing.  The record on appeal does not even include either the trial court's judgment or the decision of this court disposing of the claims Spiro brought against Nick.  Therefore, Ferleger has

waived, for this appeal, any argument based on judicial notice. See <u>Ball v. Village of Streamwood</u>, 281 Ill. App. 3d 679, 687 (1996). We have discretion to address the issue despite the waiver. See <u>Ball</u>, 281 Ill. App. 3d at 687. We decide not to address the issue. Instead, we remand the case to permit the parties to develop arguments concerning judicial notice and the question of whether the prior appellate order leaves unresolved factual issues that may determine the viability of Spiro's claims. We deny the petition for rehearing.

Reversed and remanded.

JOSEPH GORDON and FITZGERALD SMITH, JJ., concur.