2025 IL App (1st) 240547-U

Fourth Division
Filed April 10, 2025

No. 1-24-0547

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| SHREE M. AGRAWAL, | ) |
|     Plaintiff-Appellant, | ) |
| | ) Appeal from the |
| | ) Circuit Court of Cook County |
| v. | ) |
| | ) No. 2021 CG 04686 |
| GLOBAL TEL LINK CORPORATION and | ) |
| SECURUS TECHNOLOGIES, LLC, | ) |
| | ) The Honorable Allen Price Walker, |
|     Defendants | ) Judge, presiding. |
| (Global Tel Link Corporation, Defendant-Appellee). | ) |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The judgment dismissing plaintiff's complaint was affirmed where (1) the trial court did not abuse its discretion by ruling on defendant's motion to dismiss before proceeding on plaintiff's motion for summary judgment; (2) defendant's motion to dismiss was not formally deficient; and (3) plaintiff's inadequate brief forfeited any argument that the motion to dismiss should have been denied on the merits.

¶ 2    Plaintiff, Shree M. Agrawal, is a prisoner in the custody of the Illinois Department of Corrections (IDOC), where he is serving a sentence of life without parole for first-degree murder. Defendant, Global Tel Link Corporation (GTL), provides telecommunications services to Illinois prisoners through a contract with the IDOC. In 2019, Agrawal bought a tablet from GTL. Two years later, he filed the underlying suit against GTL and another prison telecommunications firm,

Securus Technologies, LLC,[1] over problems he had experienced while using his tablet. The trial court dismissed the complaint for failure to state a claim. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Agrawal filed his *pro se* complaint on September 15, 2021. As written, the complaint included two counts. Count I alleged, in essence, that certain practices of GTL and IDOC make it trivial for another inmate to find out a prisoner's personal identification number (PIN) and then, without authorization, use it for their own emails, phone calls, and so forth, depleting the account balance of the PIN holder. Count II alleged that the tablets sold by GTL were defective in various ways and that the services provided by GTL were of poor quality and did not satisfy the objectives laid out in GTL's contract with the IDOC. The complaint sought a remedial injunction requiring GTL to provide additional functionality, allowing prisoners to obtain tablets and services from other providers if GTL did not correct the alleged defects, and an "unspecified" amount of compensatory and punitive damages.

¶ 5        In May 2023, while discovery was still ongoing, Agrawal filed a motion for summary judgment. Two months later, in July 2023, GTL asked the court to stay discovery and grant it leave to file a motion to dismiss. The court allowed GTL's motion on July 31, 2023, gave it a deadline for filing a motion to dismiss, and set a briefing schedule. At the same time, the court entered and continued Agrawal's motion for summary judgment.

¶ 6        On August 31, 2023, GTL filed a combined motion to dismiss under sections 2-615 and 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619.1 (West 2022)). Agrawal did not formally file a response, but it appears from the record that he prepared one and served it on GTL, which then filed a reply and provided a copy of the still-unfiled response to the judge.

¶ 7        On December 8, 2023, the trial court granted GTL's motion to dismiss under section 2-615, finding that Agrawal had not stated a claim upon which relief may be granted. The court dismissed

---

[1]   Securus Technologies is not a party to this appeal. The record shows that the trial court granted its motion to quash service in 2021 and that Agrawal has not effectuated service since then.

the complaint without prejudice and also dismissed Agrawal's pending motion for summary judgment without prejudice. The court gave Agrawal leave to file an amended complaint by January 8, 2024. On that date, Agrawal informed the court that he had decided not to file an amended complaint, so the court dismissed his unamended complaint with prejudice.

¶ 8                                    II.  ANALYSIS

¶ 9        Agrawal's first argument on appeal is that he was entitled to summary judgment because GTL did not file a response in opposition to his motion for summary judgment. As GTL points out, though, it did not file a response because the court never required it to before the case was dismissed. Trial courts have discretion to decide how to manage the order of proceedings in a case. *Panos Trading LLC v. Forrer*, 2023 IL App (1st) 220451, ¶ 38. We find error only if the trial court's case management amounted to an abuse of that discretion. *Id.* (citing *Nicholson v. Chicago Bar Association*, 233 Ill. App. 3d 1040, 1045 (1992)).

¶ 10       In this case, the court decided to rule on GTL's motion to dismiss before holding proceedings on Agrawal's motion for summary judgment. When it granted GTL's combined motion to stay discovery and for leave to file a motion to dismiss on July 31, 2023, the court set a deadline for the motion to dismiss and a briefing schedule (both of which were later extended). At the same time, the court "entered and continued" Agrawal's motion for summary judgment, which was just a way of saying that the court had received the motion but it was not going to hold any proceedings on it for the time being. That was still the situation when the court dismissed Agrawal's complaint without prejudice in December 2023. Once the complaint was dismissed, there were no longer any claims on which the court could enter judgment, so it denied the motion for summary judgment, also without prejudice. We find that the trial court did not abuse its discretion by choosing to proceed on the motion to dismiss before the motion for summary judgment. Hence, there was no error.

¶ 11       Agrawal next argues that the court should have denied GTL's motion to dismiss because it did not identify the essential elements of his claims or specify which of those elements were not

supported by the factual allegations of his complaint. True enough, a motion to dismiss must "point out specifically the defects complained of" and "specify" the part of the complaint that "is insufficient." 735 ILCS 5/2-615(a), (b) (West 2022). But if Agrawal believed that GTL's motion did not specify where his complaint was deficient, then he had a duty to raise that issue in the trial court. By not doing so, he forfeited his objection. See *American National Bank & Trust Co. v. City of Chicago*, 192 Ill. 2d 274, 280 (2000) (finding that plaintiff forfeited objection to formal defect in defendant's motion to dismiss by not raising it in the trial court). Forfeiture aside, we find that GTL's motion to dismiss was not formally deficient. It was supported by a memorandum of law in which GTL identified the claims it believed that Agrawal was attempting to assert and explained why, in its view, Agrawal had not adequately pleaded one or more essential elements of those claims. So, even if Agrawal had objected to the sufficiency of GTL's motion in the trial court, the court would not have found it insufficient. Again, there was no error.

¶ 12    Finally, Agrawal argues that, on the merits, his complaint should have survived the motion to dismiss. We find that he has not properly presented this claim of error. In appeals, the appellant—the person who brings the appeal—has the burden of showing that the trial court made a mistake. *In re Linda B.*, 2017 IL 119392, ¶ 43. One thing the appellant has to do to carry that burden is, as required by Rule 341(h)(7), file a brief that identifies each alleged error, explains why it was an error, and cites law supporting his arguments. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring briefs to "contain the contentions of appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Agrawal's brief fails to comply with these basic requirements.

¶ 13    Agrawal's brief correctly states that, to survive a motion to dismiss for failure to state a claim, "a complaint must allege facts that set forth the essential elements of the cause of action." *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). Thus, to show that the trial court should not have dismissed his complaint, Agrawal needs to demonstrate that his complaint alleged facts that set forth the elements of one or more recognized claims. His brief simply does not do any of that. It merely names ten distinct "[i]ssue[s]" raised in his complaint and then asserts, without any further

explanation, that he alleged sufficient facts to establish those issues. None of the issues he names are recognized causes of action under Illinois law.[2] He does not cite to any case, statute, or other authority that might help us understand what claims he asserted. He does not lay out the elements of any causes of action or state what facts he alleged in his complaint that established those elements.

¶ 14    We realize that Agrawal is a self-represented and incarcerated litigant, but he still has to follow the rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. Of course, we do not expect his *pro se* brief to reflect the same skill and legal fluency as one prepared by a trained lawyer. Also, we can, and usually do, overlook violations that do not keep us from understanding and fairly resolving a case. See *Glass v. Department of Corrections*, 2023 IL App (4th) 230116, ¶ 12 (deciding merits of appeal where appellant's "abundant" violations of Rule 341 did not "hinder or preclude review"). But the problem here is neither minor nor technical. The factual allegations of Agrawal's *pro se* complaint are clear enough, as far as they go, but it is not at all clear what his *legal claims* are—not from his complaint, and not from his brief on appeal. If we do not know what his claims are, we can hardly evaluate whether he alleged facts establishing their essential elements. And if we tried to figure them out for ourselves, we would, in essence, be taking on the role of Agrawal's advocate, which is obviously inconsistent with our function as an unbiased and neutral arbiter. See *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991) ("A reviewing court will not become an advocate for, as well as the judge of, points the appellant seeks to raise.").

¶ 15    In short, Agrawal's brief contends that he stated a valid cause of action in his complaint, but it neither identifies what cause or causes those are, explains how his complaint's allegations establish their elements, nor cites any legal authority in support of his arguments, thus violating

---

[2]    The issues he identifies are: (1) an unspecified claim that "falls under the category of intentional infliction of harm or injury, which is a kind of tort"; (2) "GTL sells defective tablets to prisoners"; (3) "login defect"; (4) "logout defect"; (5) "defect of failing to send email"; (6) "user[']s outgoing emails are made unavailable to him by GTL"; (7) "leng[th] limit on emails"; (8) "breach of duty"; (9) "credit history"; and (10) "printing of support issue tickets." (All-caps and title case changed to sentence case for clarity.)

Rule 341(h)(7). Because that failure makes it impossible for us to review the trial court's determination that Agrawal failed to state a claim, we find that he has forfeited his contention that the trial court erred on the merits when it granted GTL's motion to dismiss.

¶ 16                              III.  CONCLUSION

¶ 17        For the reasons stated, we affirm the trial court's judgment.

¶ 18        Affirmed.