William B. JETER, Appellant,

v.

Frank E. MONTFORT, Appellee.

No. 8048.

Court of Civil Appeals of Texas, Beaumont.

Jan. 26, 1978.

Rehearing Denied Feb. 16, 1978.

Ranseler O. Wyatt, Houston, for appellant.

Harold Lloyd, Houston, for appellee.

CLAYTON, Justice.

This case was filed by appellee, plaintiff below, against appellant, defendant below, an attorney, to recover damages resulting from a judgment rendered against him without his knowledge, when appellant agreed to the entry of a judgment against plaintiff without having authority to do so.

At some time prior to December 1965, a case was filed in the District Court of Harris County, Texas, bearing Cause Number 612,739, styled *Catherine Nickerson, et al. v. Twin Peaks Land & Cattle Co., et al.* (hereinafter referred to as the *Nickerson* case), wherein it was alleged that the numerous named defendants were engaged in certain acts of fraudulent transactions. In that case the appellee and appellant were included as named defendants. After the case had proceeded to trial, a settlement of the case was reached and an agreed judgment was entered. The appellant approved the judgment as attorney acting for himself and for appellee. The judgment released appellant from any liability but subjected appellee to a money judgment in excess of $19,000.

In view of our disposition of this appeal, it will serve no useful purpose in reciting the evidence in this trial. The evidence presented raised the fact issues concerning appellant's actions in agreeing to the judgment rendered and entered in the *Nickerson* case as attorney representing the appellee without having authority to do so. Trial was to a jury, and the jury returned a verdict finding that appellant agreed to such judgment without having authority to do so, that such action by appellant was done with malice, that damages sustained by appellee as a result of "[t]he judgment entered against [Plaintiff] in Cause No. 612,739," was in the sum of $40,000.00 and assessed exemplary damages in the sum of $15,000.00. The trial court entered judgment against appellant in accordance with the verdict, from which appellant appeals.

Appellant presents and urges twenty points of error. Point No. 13 urges error on the part of the trial court in "entering judgment against this Appellant in the sum of $40,000.00 damages and $15,000 attorney's fees because the Appellee has wholly failed to prove any measurable damages. . . ." This is germane to his assignment of error stated in his motion for new trial wherein he states as a ground for granting a new trial, "Because the only thing under the law that the Plaintiff would have been entitled to have recovered from the Defendant under the pleadings and proof was the amount of money he was caused to lose. . . . No defenses were alleged or shown, and no money was alleged nor shown to have been paid by this Plaintiff as a result of this Defendant's failure to represent him, therefore, it was error to render a money judgment for this Plaintiff in any amount, much less $55,000.00."

■ Appellee argues that this assignment of error does not "seem to state that there is no evidence to support the verdict, only that the theory of recovery relied on by appellee is incorrect and therefore will not support a judgment." Appellee further contends that the assignment of error does not specifically and distinctly set forth the error complained of in an intelligible manner and therefore should be waived. We agree that the assignment of error is inarticulately drawn and that it contains erroneous arguments which should not have been made in such assignment as well as the point of error. However, after carefully reviewing the assignment of error in the motion for new trial and the point of error presented, together with the statement and argument in appellant's brief, the "point" is sufficient to direct this court's attention to the matter complained of; namely, there is no evidence to support a finding by the jury of $40,000 as actual damages. The complaint of $15,000 as damages is mistakenly referred to as attorney's fees because the verdict and judgment entered therefor specifically refer to such sum as exemplary damages. Under the authority and reasons stated therefor by our Supreme Court, in *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 113–14 (Tex.1976) and *Fambrough v. Wag-*

*ley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), we will consider the point of error as a "no evidence" point and will look to the "point" and the statement and argument thereunder to determine the question of reversible error.

The only testimony given by appellee with reference to damages was that certain interrogatories inquiring about his assets were served on him, and because of this "I'd say it disturbed me as much, and in fact affected my work, and it also affected my wife's health very, very bad. She collapsed at that time and required medical attention" and that it affected his nerves, but "not to the extent it did hers", and that "the holder of the judgment might be able to seize property from [him] to pay the judgment." Upon being asked, "Has your worry and concern about this matter continued?" plaintiff testified, "Yes. Up until now."

In addition to the jury findings referred to above, the trial court submitted the damage issue in such a manner as to permit the jury to assess damages for two separate elements. The jury was asked to assess damages resulting from the following:

"(a) The judgment entered against Frank Montfort in Cause No. 612,-739.

To which the Jury answered '$40,000.00'.

(b) Mental anguish and suffering sustained by Frank Montfort.

To which the Jury answered '0'."

All of the evidence presented by plaintiff referred only to "mental anguish and suffering," and the jury found that plaintiff sustained no damages therefor. There is no evidence of actual damages resulting from "the judgment entered against plaintiff." There is no evidence of any monetary loss, no evidence that the judgment has been satisfied in any way, and there is no evidence that any prerequisite action has been taken to perfect a judgment lien. In the absence of any evidence as to such elements, plaintiff has not shown any actual damages for which he would be entitled to recover. Since the finding of actual damages is not supported by the evidence, an award of exemplary damages must also fail. *Phillips v. Wertz*, 546 S.W.2d 902, 907 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.); *Securities Investment Co. v. Finance Acceptance Corp.*, 474 S.W.2d 261, 270 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). We sustain appellant's "no evidence" point as to damages. This point was and could be asserted for the first time by a motion for new trial. *Rosas v. Shafer*, 415 S.W.2d 889, 889–90 (Tex.1967). However, this point being raised for the first time in appellant's motion for new trial, we do not have before us the appellate predicate for a rendition. Therefore, the only relief which can be given is the granting of a new trial. *J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538, 540–41 (Tex.1968); *French v. Brodsky*, 521 S.W.2d 670, 682 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). *Gillespey v. Sylvia*, 496 S.W.2d 234, 236 (Tex.Civ.App.—El Paso 1973, no writ). See Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 *Texas L.Rev.* 361 (1960).

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED and REMANDED.