Frank E. MONTFORT, Petitioner,

v.

William B. JETER, Respondent.

No. B–7495.

Supreme Court of Texas.

June 7, 1978.

Rehearing Denied June 7, 1978.

Law Offices of Harold Lloyd, Inc., Michael L. O'Brien, Houston, for petitioner.

Ranseler O. Wyatt, Houston, for respondent.

BARROW, Justice.

This is an appeal from a judgment rendered on a jury verdict in a legal malpractice suit whereby Frank E. Montfort recovered actual and exemplary damages from William B. Jeter. The court of civil appeals concluded that there was no evidence to support the jury finding of actual damages and, without actual damages, that no recovery could be had for exemplary damages. It reversed the trial court's judgment, but remanded the cause for a new trial because there was no proper predicate laid for a rendition. 561 S.W.2d 622. We reverse the judgment of the court of civil appeals and remand the cause to that court for further proceedings.

On December 14, 1965, a judgment was signed in Cause No. 612,739, in the 113th Judicial District Court of Harris County in a cause styled *Catherine Nickerson, et al. v. Twin Peaks Land & Cattle Company, et al.* The judgment provides in part that Houston National Bank recover the sum of $19,-939.51 from Frank E. Montfort, Donald M. Lepere, James K. Scott and Robert W. Richmond, jointly and severally. This judgment recites that it was entered pursuant to an agreement of all parties, and the judgment was purportedly approved in writing by attorney William B. Jeter on behalf of Frank E. Montfort. Montfort, however, did not learn of this judgment against him until 1973 when he received interrogatories in aid of judgment from the judgment creditor. In 1974 he filed this suit for damages against Jeter on the ground that Jeter had wrongfully agreed to the judgment against Montfort.

The jury found: 1. Jeter did agree to the entry of a judgment against Montfort without authority to do so from Montfort; 2. (a) the sum of $40,000 would fairly and reasonably compensate Montfort for his damages

by reason of the judgment against him; (b) Montfort should recover "0" damages for his mental anguish and suffering resulting from the occurrence in question; 3. The conduct of Jeter as found in Issue No. 1 was done with malice; and 4. The sum of $15,-000 should be awarded as exemplary damages. Judgment was rendered on this verdict for the sum of $55,000.

The court of civil appeals found that there was evidence to support the jury findings that Jeter agreed to the judgment against Montfort in the *Nickerson* case without authority from Montfort,[1] and that such action was done with malice. However, it sustained Jeter's complaint that the trial court erred in entering judgment against Jeter because Montfort had wholly failed to prove any measurable damages. Jeter urged, and the court of civil appeals found, that there was no evidence of actual damages other than for mental anguish, but since no recovery was allowed by the jury for mental anguish, the court concluded that there was no evidence to support the jury finding of actual damages. It was further held that, in the absence of actual damages, exemplary damages could not be recovered. The court of civil appeals did not consider any of Jeter's other points.

The basic question presented is whether we should apply the "prepayment rule" or the "judgment rule" in determining whether or not Montfort sustained any actual damage by the judgment rendered against him. Admittedly, Montfort has not paid any part of the judgment, as required under the pre-payment rule. *See Universal Automobile Ins. Co. v. Culberson*, 126 Tex. 282, 86 S.W.2d 727 (1935). Nor has execution been attempted on any of his property. Nevertheless, the uncontradicted evidence at the trial is that the unpaid judgment was still "hanging over his head."[2]

---

1. Montfort testified unequivocally that he was never served in the *Nickerson* case and knew nothing about it until 1973; that a note purportedly signed by him was a forgery; and that he had not authorized Jeter or anyone else even to represent him in the *Nickerson* case, much less agree to a judgment against him.

2. Jeter *alleged* in his motion for new trial that he had learned since the trial that the judgment had been paid off by another of the judgment debtors. There is no evidence in the record to support this allegation or to refute Montfort's testimony that the judgment is still "hanging over my head."

This question was considered by us in *Hernandez v. Great American Ins. Co. of N. Y.,* 464 S.W.2d 91 (Tex.1971). The Court, after full consideration of the respective merits of the prepayment rule and the judgment rule, adopted the judgment rule insofar as a tort action is concerned. The Court observed:

> The judgment injures Hernandez while it remains unpaid. His credit is affected. A lien attaches to his land. His non-exempt property is constantly subject to sudden execution and forced sale. He is entitled to relief from harm if it is the fault of the tortfeasor.

This rule is applicable here in that Montfort seeks to recover damages for the tortfeasance of Jeter which resulted in the judgment against Montfort. This judgment, together with accrued interest, totaled $40,000 at the time of trial of Montfort's tort action against Jeter. Under the judgment rule adopted in *Hernandez,* the existing judgment against Montfort is some evidence of actual damages. Therefore, the court of civil appeals erred in holding that there was no evidence to support the jury finding of actual damages.

 Although Jeter asserted twenty points of error in the court of civil appeals, the court found it only necessary to consider the no evidence point on damages. Jeter did not bring forward by application for writ of error those points of error which were not considered below, but which might have entitled the court of civil appeals to reverse the trial court judgment and render a take-nothing judgment. Accordingly, we may not consider those points here. Nevertheless, we must consider the briefs filed in the court of civil appeals for the purpose of determining whether, by sustaining other assignments of error therein, we can affirm the judgment of remand which was rendered by the court of civil appeals. *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977); *McKelvy v. Barber,* 381 S.W.2d 59 (Tex. 1964); Hatchell and Calvert, *Some Problems of Supreme Court Review,* 6 St. Mary's L.J. 303, 305–318 (1974).

Jeter asserted a number of points in the court of civil appeals, which, if sustained, would require a reversal of the judgment and a remand for a new trial. Included are points contending that the sums found by the jury as to both actual and exemplary damages are excessive. Inasmuch as we must remand the case to the court of civil appeals for a determination of these fact questions of excessiveness, *Southwestern Investment Company v. Neeley,* 452 S.W.2d 705 (Tex.1970); *Wilson v. Freeman,* 108 Tex. 121, 185 S.W. 993 (1916), we deem it expedient for that court to determine the other remand points which are properly raised by Jeter. *Custom Leasing, Inc. v. Texas Bank & Tr. Co. of Dallas,* 491 S.W.2d 869 (Tex.1973).

The judgment of the court of civil appeals is reversed and the cause is remanded to the court of civil appeals for further proceedings not inconsistent with this opinion.