In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3859

DAVID BOURKE,

*Plaintiff-Appellant*,

*v.*

SCOTT CONGER AND WAYNE E. BRUCAR,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 cv 7749—**James B. Zagel**, *Judge*.

ARGUED NOVEMBER 2, 2010—DECIDED APRIL 19, 2011

Before CUDAHY, FLAUM, and KANNE, *Circuit Judges*.

CUDAHY, *Circuit Judge*. David Bourke was convicted of murder in Illinois state court but his conviction was overturned on appeal. After his release, he filed suit against various state officials and the attorneys who represented him at the criminal trial. Bourke's suit contained two sets of claims: (1) federal claims alleging that the state officials involved in his arrest and prosecution had deprived him of his constitutional rights and

(2) state professional malpractice claims alleging that his trial attorneys failed to exercise due care in handling his case. After extensive pretrial motion practice, Bourke stipulated to a dismissal of his federal claims against the state officials. Shortly thereafter, the district court granted summary judgment against Bourke's remaining malpractice claims. Bourke appeals from this decision, asking us to reverse the district court's grant of summary judgment. We affirm.

## I. Background

On April 16, 1998, state police arrested David Bourke in connection with the death of Roger Johnson in the village of Downers Grove. Bourke was charged with murdering Johnson and stood trial in Illinois state court. Scott Conger and Wayne Brucar ("Appellees") represented Bourke at his trial, primarily arguing that Bourke's killing of Johnson was excusable as an act of self-defense. After a week-long trial, the jury found Bourke guilty. The trial court judge sentenced Bourke to twenty-five years of imprisonment.

Bourke, represented by new counsel, appealed his conviction. His primary arguments on appeal were that the State failed to establish all of the elements of first-degree murder, that the state did not present evidence sufficient to defeat his affirmative defense and that he received ineffective assistance of counsel. On August 21, 2001, the Illinois appellate court reversed Bourke's conviction, finding that the State did not disprove Bourke's claim that he killed Johnson in self-defense beyond a

reasonable doubt. In its opinion, the court declined to discuss Bourke's ineffective assistance of counsel claim.

On October 31, 2003, Bourke filed suit in the United States District Court for the Northern District of Illinois against Appellees and various state officials. Bourke's suit contained two distinct sets of claims: (1) claims that the state officials involved in his arrest and prosecution violated his constitutional rights by suppressing exculpatory evidence and (2) claims that the Appellees committed legal malpractice when representing him at trial. On October 21, 2009, Bourke stipulated to the dismissal of his claims against the state officials. From this point onward, Bourke's suit only contained Illinois state law malpractice claims against the Appellees. While district courts should generally dismiss such state claims without prejudice once they have resolved all federal claims, they have discretionary authority to retain supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a); *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 772 (7th Cir. 2008) (citing *Redwood v. Dobson*, 476 F.3d 462, 476 (7th Cir. 2007)). As neither party has objected to the district court's exercise of supplemental jurisdiction, we will not review the district court's decision in that regard.

Bourke alleged that the Appellees committed legal malpractice by failing to exercise reasonable care when representing him and that their neglect caused the jury to

find Bourke guilty.[1] Over the course of the litigation, Bourke abandoned all of his malpractice allegations, except for his claim that the Appellees committed legal malpractice when they failed to exercise reasonable professional judgment during the voir dire. In order to support his claim, Bourke submitted the expert report of David Thomas, a clinical professor at IIT-Chicago Kent College of Law and a trial attorney with thirty-five years of experience. Thomas's report stated that the Appellees should have asked further questions from or struck a juror who stated that he disliked firearms and that he disliked individuals keeping firearms in their homes. The Thomas report also stated that the Appellees should have questioned the jurors about their views on alcohol consumption because it was an issue that was likely to assume importance during the trial. It concluded that, because of these errors, "the selection of the jury . . . did not meet the standard of care reasonably to be expected from criminal defense counsel in 1999."

---

[1] In particular, Bourke alleged that the Appellees demonstrated a lack of reasonable care when they: "1) fail[ed] to present testimony from a crime scene expert who would have rebutted the State's reading of the evidence, 2) stipulat[ed] to the admission of a tape recording that contained 'gaps of apparent erasure,' and excluded evidence that would have helped the Plaintiff's case, 3) fail[ed] to exercise professional judgment in selecting the jury, to object to the admission of prejudicial photographs, and to object to the use of the aforementioned tape recording." *Bourke v. Vill. of Downers Grove*, 2009 WL 1531809, at *1 (N.D. Ill. May 29, 2009).

On February 10, 2009, the Appellees filed a motion requesting that the court grant summary judgment against Bourke's sole remaining malpractice claim. On May 29, 2009, the district court granted the Appellees' motion, finding that Bourke failed to present the court with evidence establishing that the Appellees' actions were the proximate cause of the jury's guilty verdict. The court noted that Illinois law requires a plaintiff in a legal malpractice case to prove that but-for the attorney's action, the plaintiff would have prevailed in the underlying action. It went on to hold that Bourke had failed to submit evidence sufficient to establish that the Appellees' actions during voir dire were a but-for cause of the murder trial's outcome. Bourke timely appealed from the district court's decision.

## II. Discussion

We review a district court's grant of summary judgment *de novo*, *Narducci v. Moore*, 572 F.3d 313, 318 (7th Cir. 2009), examining the record in the light most favorable to the non-moving party, *Trade Financial Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406 (7th Cir. 2009). "If, after reviewing the record as a whole and drawing all reasonable inferences in favor of the non-moving party, a court determines that there remains no genuine issue as to any material fact," then the moving party is entitled to summary judgment as a matter of law. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009).

A plaintiff asserting a legal malpractice claim based on Illinois law must prove: "(1) the defendant attorney owed the plaintiff client a duty of due care arising from an attorney-client relationship, (2) the attorney breached that duty, (3) the client suffered an injury in the form of actual damages, and (4) the actual damages resulted as a proximate cause of the breach." *Fox v. Seiden*, 887 N.E.2d 736, 742 (Ill. App. Ct. 2008). The Appellees have conceded that they owed Bourke a duty of care, leaving us to review the district court's holding regarding the remaining elements. Because we find that Bourke failed to establish that the Appellees' actions were the proximate cause of his injury, our discussion is limited to this issue. In order to establish proximate cause in a legal malpractice case, a plaintiff must show that "but for the attorney's malpractice, [he] would have prevailed in the underlying action." *Preferred Personnel Servs., Inc. v. Meltzer, Purtill, & Stelle, LLC*, 902 N.E.2d 146, 151 (Ill. App. Ct. 2009). Illinois courts have stated that it is generally preferable to "leave proximate cause to juries because it is often debatable, and fair minded persons might reach different outcomes[.]" *First Nat'l Bank of LaGrange v. Lowery*, 872 N.E.2d 447, 469 (Ill. App. Ct. 2007). It is clear, however, that Illinois courts do not hesitate to grant summary judgment when the resolution of a dispute about causation turns entirely on legal, rather than factual, issues. *See, e.g.*, *Governmental Interinsurance Exch. v. Judge*, 825 N.E.2d 729, 735 (Ill. App. Ct. 2005); *Envtl. Control Sys., Inc. v. Long*, 703 N.E.2d 1001, 1008 (Ill. App. Ct. 1998).

The district court's decision to grant summary judgment was based on the court's determination that Bourke had not presented evidence sufficient to create a genuine dispute concerning proximate causation. Bourke argues that this decision was erroneous and that he provided the court with evidence sufficient to defeat the Appellees' motion for summary judgment. More specifically, he contends that the Thomas expert report, which stated that "there is a reasonable likelihood the deficient performance of counsel resulted in the guilty verdict," made causation a disputed issue that required a determination from a fact-finder to resolve.

After conducting a thorough review of the record, we find that the district court did not err in holding that Bourke's evidence was insufficient. A plaintiff in a legal malpractice case "must plead and prove that [he] has suffered injuries *resulting* from the defendant attorney's alleged malpractice." *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1247 (Ill. App. Ct. 2008) (emphasis added). Bourke depended exclusively on Thomas's expert report to establish the causation element of his claim. While expert testimony is one of the types of evidence that a plaintiff like Bourke could normally rely on to ward off summary judgment, it is well established that an expert report that lacks foundation and depth will be given little consideration by courts. In order for "an expert report to create a genuine issue of fact, it must provide not merely . . . conclusions, but the basis for the conclusions." *Vollmert v. Wis. Dep't of Transp.*, 197 F.3d 293, 298 (7th Cir. 1999). *See also McMahon v. Bann-o-matic Corp.*, 150 F.3d 651, 658 (7th Cir. 1998) ("[A]n expert who

supplies nothing but a bottom line supplies nothing of value to the judicial process.") (citing *Mid-State Fertilizer Co. v. Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989)). As the district court noted, the Thomas report does not support its conclusion that the Appellees' performance during voir dire caused the jury to find Bourke guilty with analysis, facts or reasoning. While the report discusses various ways in which the Appellees could have better represented Bourke's interests (e.g., by using their peremptory challenges, by questioning jurors for their opinions regarding the use of alcohol), this discussion only goes towards establishing that the Appellees breached their duty to Bourke, not causation. The Thomas report fails to identify facts that support its conclusion that the Appellees' alleged errors had any role in causing the jury to find Bourke guilty. This shortcoming prevents the Thomas report from creating a genuine, disputed issue of fact concerning causation. Because of this flaw and the fact that Bourke did not present the court with any other evidence relevant to this element of his prima facie case, it was appropriate for the district court to grant summary judgment against Bourke's claim.

## III. Conclusion

For the reasons stated above, the ruling of the district court is

AFFIRMED.