2020 IL App (1st) 191652

No. 1-19-1652

Opinion filed November 25, 2020

Fourth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RICHARD L. DENT and RLD RESOURCES, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioners-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 2910 |
| | ) | |
| CONSTELLATION NEWENERGY, INC.; CNE GAS | ) | |
| SUPPLY, LLC; CONSTELLATION ENERGY GAS | ) | |
| CHOICE, LLC; and CONSTELLATION NEW | ) | |
| ENERGY-GAS DIVISION, LLC, | ) | Honorable |
| | ) | Patricia O'Brien-Sheahan, |
| Respondents-Appellees. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioners, Richard Dent and RLD Resources, LLC (RLD), appeal the circuit court's

dismissal with prejudice of their petition for presuit discovery pursuant to Illinois Supreme Court

Rule 224 (eff. Jan. 1, 2018). The petition sought disclosure from respondents, Constellation

NewEnergy, Inc.; CNE Gas Supply, LLC; Constellation Energy Gas Choice, LLC; and

Constellation New Energy-Gas Division, LLC (collectively, Constellation), of the names and

addresses of three unidentified people who published allegedly defamatory statements about Dent that caused respondents to terminate their contractual arrangements with petitioners.

¶ 2    On appeal, petitioners argue that the dismissal of their petition should be reversed because the trial court misapplied the law and erroneously treated respondents' motion to dismiss for failure to state a claim as a motion for summary judgment. Specifically, petitioners argue that they met their burden to show this discovery was necessary because they pled sufficient allegations of a defamation claim to overcome a motion to dismiss for failure to state a claim.

¶ 3    For the reasons that follow, we reverse the judgment of the circuit court.[1]

¶ 4                                 I. BACKGROUND

¶ 5    On March 18, 2019, petitioners filed a verified petition for presuit discovery against Constellation. Petitioners alleged that prior to October 2018, they were party to several energy supply and marketing contracts with Constellation and all of these contracts were terminable at will.

¶ 6    Petitioners alleged that, in September 2018, two attorneys representing Constellation—Grace Speights and Theos McKinney III—visited petitioners' office and told Dent that certain allegations had been made against him. Specifically, a woman, who was a Constellation employee and whom Constellation's attorneys refused to identify (Person A), alleged that Dent, in June 2016 at a Constellation-sponsored golfing event in the Philadelphia area, said to her that "she had a butt like a sister." Person A also alleged that Dent, in July 2018 at another Constellation-sponsored pregolf party on the patio of the Chicago Shedd Aquarium, groped her. Furthermore, in connection

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

with the same July 2018 golf event, Constellation had arranged for the distribution of guest passes, polo shirts and similar items at the Marriott Hotel on Adams Street in Chicago, and a man, whom Constellation's attorneys refused to identify (Person B), told Constellation that he had observed Dent at the hotel collecting the golf materials and that Dent was drunk and disorderly at that time.

¶ 7    The petition alleged that Dent told Constellation's attorneys at that September 2018 meeting that all of these allegations were completely false and that the attorneys responded that Constellation would review its contractual arrangements with Dent and RLD as a result of these allegations. On October 1, 2018, Constellation sent Dent and RLD a notice terminating all of Constellation's contracts with them. This termination notice was included as an exhibit to the petition. Another petition exhibit, a December 2019 letter from Constellation's counsel to petitioners' counsel, stated that Constellation had hired a third party, whom Constellation refused to identify (Person C),[2] to investigate the claims against Dent. This letter also stated that Dent's denials were not credible and that the investigation concluded that the reports accurately described behavior that violated the company's code of conduct, was outside the norms of socially acceptable behavior, and demeaned Constellation employees. The petition alleged, on information and belief, that Person C investigated the claims against Dent before the termination notice was issued and that Person C published or republished to Constellation the statements of Persons A and B.

¶ 8    The petition concluded with allegations that the statements published by Persons A, B, and C concerning Dent were made as statements of fact, were false, were not privileged, and were the cause in fact and proximate cause of Constellation's termination of all its contractual arrangements with petitioners. Furthermore, the statements imputed to Dent acts of moral turpitude and

---

[2]Person C was revealed in later proceedings to be multiple people, Persons C.

impugned his character, reputation and good name. The petition asserted that Persons A, B, and C may be responsible in damages to petitioners and that this presuit discovery was necessary because Constellation refused to provide to petitioners the names and addresses of Persons A, B, and C.

¶ 9   Constellation moved to dismiss the petition under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), arguing that the petition was substantially insufficient because the alleged defamatory statements were qualifiedly privileged and that petitioners failed to allege facts showing that the privilege was abused. In this motion, Constellation disclosed that Person B was an employee and made the alleged defamatory statements, which described his observations of Dent on the day in question, in the course of Constellation's investigation of Person A's allegations. Constellation also disclosed that Persons C were the attorneys Constellation retained to investigate Person A's allegations.

¶ 10   Specifically, Constellation argued that the alleged defamatory statements were qualifiedly privileged as a matter of law as statements made to an employer by a victim of sexual harassment concerning inappropriate touching experienced while at work (Person A), statements made to the employer by a witness (Person B) as part of Constellation's investigation consistent with its legal obligations, and statements of the investigators/lawyers (Persons C) relating their findings to Constellation. Constellation also argued that petitioners failed to allege facts sufficient to overcome this qualified privilege, *i.e.*, by alleging facts that, if true, would suffice to demonstrate a direct intent to injure petitioners or a reckless disregard for their rights.

¶ 11   Furthermore, Constellation urged the court to dismiss the petition with prejudice and not allow petitioners leave to replead because, according to Constellation, any amendment would be futile where Constellation had retained third-party counsel to conduct an independent, attorney-

client privileged investigation of the allegations, that investigation included meeting with Dent to inform him of the allegations and obtain his side of the story, Constellation weighed the evidence and decided in good faith to credit its employees' version of events, there was no basis to infer any knowledge of falsity or reckless disregard for the truth, and Constellation did not disclose the findings of the investigation to any third party, other than in privileged communications with its lawyers.

¶ 12    In their response, petitioners argued that Constellation's section 2-615 motion to dismiss should be denied on procedural and substantive grounds. First, although Constellation presented its motion as a section 2-615 motion to dismiss, which attacks only the legal sufficiency of the complaint and defects apparent on the face of the complaint, Constellation improperly introduced new facts regarding Persons B and C and evidence that attacked the factual, rather than the legal, sufficiency of the Rule 224 petition. Constellation also improperly raised the affirmative defense of qualified privilege in its section 2-615 motion to dismiss. Second, Constellation's motion failed under section 2-615 of the Code because the court must accept as true all well-pleaded facts and any reasonable inferences arising therefrom and should not dismiss the Rule 224 petition unless it was apparent that no set of facts could be proved that would entitle petitioners to a judgment in their favor. Petitioners argued that their alleged facts—that three unidentified people fabricated and published completely false and defamatory stories about Dent and then published those stories to a third-party—are more than sufficient to state a *prima facie* defamation case and defeat any qualified privilege claim.

¶ 13    In its reply, Constellation argued that petitioners' allegations, taken as true, established that the allegedly defamatory statements were qualifiedly privileged because all of the statements were

made by an employee victim, a witness, and investigators as part of an employer's sexual harassment investigation and that petitioners failed to plead facts showing that the alleged defamatory statements were intentionally false.

¶ 14    In June 2019, the trial court dismissed petitioners' Rule 224 petition with prejudice, determining *sua sponte* to dispose of the petition for failure to comply with Rule 224. Specifically, the court, citing *Low Cost Movers, Inc. v. Craigslist, Inc.*, 2015 IL App (1st) 143955, found that a Rule 224 petition was an inappropriate vehicle to attempt to learn the names of Persons A, B, and C because petitioners knew the identities of the Constellation respondents and their attorneys, Rule 224 was satisfied once a petitioner has identified someone who may be sued, and the Constellation respondents may be liable for damages.

¶ 15    Petitioners moved the court to reconsider its dismissal of the petition with prejudice, arguing that their Rule 224 petition was not the type of impermissible fishing expedition disfavored by the law because petitioners knew everything necessary to bring a defamation action against Persons A, B, and C except their identities. Furthermore, the Constellation respondents-in-discovery did not identify themselves or anyone else as a party who had engaged in the defamation of Dent.

¶ 16    In its response, Constellation argued that the trial court's dismissal of the Rule 224 petition with prejudice was correct because, in accordance with relevant case law, Rule 224's purpose was satisfied since petitioners already knew the identity of a party—namely, Constellation—that was involved in the events that gave rise to the termination of the at-will contracts between petitioners and Constellation. Constellation argued that the absence of a viable claim against it did not mean that Rule 224 discovery continued until petitioners ascertained the identity of a party that engaged

in the wrongdoing that coincided with petitioners' defamation cause of action. In addition, Constellation argued that dismissal of the Rule 224 petition was also proper based on the qualified privilege that covers statements made during the course of an employer's sexual harassment investigation and that petitioners failed to overcome this privilege by alleging facts demonstrating an abuse of that privilege.

¶ 17    After hearing oral argument, the trial court issued a July 2019 written order denying petitioners' motion to reconsider the dismissal. The court stated that the specific, narrow purpose of Rule 224 allows a petitioner to obtain the identity of a potential defendant when the petitioner lacks knowledge of anyone who may be liable in damages but the record here established that petitioners had knowledge that Constellation may be liable in damages based on the terminated contracts.

¶ 18    Petitioners appealed.

¶ 19                                      II. ANALYSIS

¶ 20                        A. Presuit Discovery Under Rule 224

¶ 21    Petitioners argue the trial court erred in ruling that *Low Cost Movers, Inc.* required dismissal with prejudice of their Rule 224 petition. Specifically, petitioners argue that the trial court's ruling undermined the purpose of Rule 224, the alleged facts in their petition showed that no cause of action lies against Constellation or its attorneys for either defamation or breach of contract, and *Low Cost Movers, Inc.* was distinguishable from this case.

¶ 22    This court generally reviews the trial court's ruling pursuant to Rule 224 for an abuse of discretion. *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 711 (2010). However, statutory construction constitutes a question of law, which we review *de novo*. *Sardiga v. Northern Trust*

*Co.*, 409 Ill. App. 3d 56, 61 (2011); see also *Thomas v. Weatherguard Construction Co.*, 2015 IL App (1st) 142785, ¶ 63 (*de novo* consideration means the appellate court performs the same analysis that a trial judge would perform). Rule 224, titled "Discovery Before Suit to Identify Responsible *Persons* and *Entities*," provides in pertinent part as follows:

"(a) Procedure.

(1) Petition.

(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.

(ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The petition shall be brought in the name of the petitioner and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the identification of responsible *persons* and *entities* and where a deposition is sought will specify the name and address of *each person* to be examined, if

known, or, if unknown, information sufficient to identify *each*

*person* and the time and place of the deposition." (Emphases added.)

Ill. S. Ct. R. 224(a)(1) (eff. Jan. 1, 2018).

¶ 23     It is well settled that our rules are to be construed in the same manner as statutes (Ill. S. Ct R. 2 (eff. July 1, 2017); *People v. Norris*, 214 Ill. 2d 92, 97 (2005)), and the cardinal rule of interpreting statutes is to ascertain and give effect to the intent of the legislature (*McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 423 (1998)). The best evidence of such intent is the statutory language itself, which is to be given its plain meaning. *Johnston v. Weil*, 241 Ill. 2d 169, 175 (2011). Where the meaning is unclear, courts may consider the law's purpose and the evils the law was intended to remedy. *Id.* at 175-76. A statute's language is ambiguous when it is capable of being understood by reasonably well-informed individuals in multiple ways. *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 288 (2008). Although a court should first consider the language of the statute or rule, a court must presume that the court in promulgating a rule, like the legislature in enacting a statute, did not intend absurdity or injustice. See *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 540-41 (1992).

¶ 24     The plain language of Rule 224 allows a petitioner to engage in discovery to ascertain the identity of multiple persons and entities who may be responsible in damages. The court's clear intent in promulgating Rule 224 was to provide a mechanism to enable a person or entity, before filing a lawsuit and with leave of court, to identify parties who may be responsible in damages; however, the court's order allowing the petition will limit discovery to the identification of responsible persons and entities. *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407, 414 (1993) (citing Ill. S. Ct. R. 224, Committee Comments (adopted Aug. 1, 1989)); see also *Shutes v. Fowler*,

223 Ill. App. 3d 342, 345-46 (1991) (Rule 224 allows a party to engage in limited presuit discovery about the identity of those who may be responsible in damages "to streamline the court process").

¶ 25    "[T]he only use and purpose of Rule 224 is to ascertain the identity of a potential defendant." (Emphasis omitted.) *Roth*, 241 Ill. App. 3d at 416. Once a potential defendant's identity is learned, a petitioner can then file a case and use either the discovery provisions of the rules or the Code to conduct full discovery of those named as respondents-in-discovery to determine who in fact was responsible, *i.e.*, liable. *Id.* In *Roth*, the petitioner already knew the identity of several healthcare providers who might have been responsible in damages for the decedent's treatment. *Id.* at 419. Nevertheless, the petitioner was still allowed under Rule 224 to obtain the name of an additional doctor who acted as a consultant but whose identity was not revealed by the hospital records. *Id.* The court, however, ruled that the petitioner was not allowed to use Rule 224 to conduct a fishing expedition for information about a physician's impressions of the decedent's medical conditions and whether the physician had ordered tests to determine whether the decedent had sepsis. *Id.* at 420.

¶ 26    In *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242, 244 (1996), a stock pledger, who claimed that his stock was sold at a time when the directors had reason to believe that the sale of the corporation was imminent, filed a Rule 224 petition for presuit discovery that went beyond the names and addresses of people who could be responsible in damages. When he filed his petition, he knew the identity of at least one defendant. *Id.* The trial court ruled that the petitioner was entitled to discovery of a document that constituted the corporation's full response to an inquiry from its regulatory agency because the court believed the document would identify certain people who could be responsible in damages. *Id.* at 245. Specifically, the agency had sent the corporation a list of the names and addresses of 36 individuals and married couples and asked the

corporation to identify whether the listed people had any affiliation with the corporation that could have made them privy to nonpublic information about the corporation's activities regarding the issue in question. *Id.* at 247.

¶ 27    This court affirmed the trial court, stating that the document was within the scope of Rule 224 because the mere list of 36 names and addresses did little if anything to narrow the universe of potential defendants from the general members of the stock-purchasing public and the document included additional connecting facts to establish which people were affiliated with the corporation without disclosing specific facts of insider trading or actual acts of wrongdoing. *Id.* at 253-54. Moreover, this court rejected the argument that the petitioner was not entitled to use Rule 224 because he already knew the identity of some defendants and had even filed a federal lawsuit against them, which was pending at the time the trial court ruled on the Rule 224 petition. *Id.* at 251 n.3. This court explained that "*Roth* did not hold that Rule 224 discovery [was] not permitted where the petitioner knows the name of a potential defendant"; rather, the petition in *Roth* was denied because it sought specific information concerning actual liability. *Id.*; see also *Malmberg v. Smith*, 241 Ill. App. 3d 428 (1993) (petitioner, who already knew the identity of the potential libel defendant, a coemployee, and knew that he had accused the petitioner of illegal drug use while on duty, could not use Rule 224 to discover the contents of the coemployee's statement); *Guertin v. Guertin*, 204 Ill. App. 3d 527, 531 (1990) (petitioners, who speculated that their sister-in-law had exerted undue influence in the execution of a will by a deceased relative, could not use Rule 224 to depose the sister-in-law and bank officials before the filing of a complaint because the identity of the defendant was already known).

¶ 28    Based on the plain language of Rule 224 and the relevant caselaw, we find that the trial court abused its discretion when it *sua sponte* dismissed the petition with prejudice based on the

trial court's determination that presuit discovery of the identity of Persons A, B, and C was not necessary because petitioners knew the identity of Constellation and its attorneys. The trial court's ruling does not comport with the intent of Rule 224 to assist a potential plaintiff in seeking redress against people or entities if the potential plaintiff meets the requirement to demonstrate the reason why the proposed discovery seeking the identity of certain individuals is necessary. Here, petitioners met that requirement, alleging that Persons A and B made completely false defamatory statements about Dent and then published those statements to Person C, an investigator, who then reported the defamatory statements to Constellation, which terminated its at-will contracts with petitioners. As discussed below, at this phase of the proceedings, any affirmative defense of a qualified privilege was not relevant in determining whether petitioners met the requirement to show the necessity of presuit discovery under Rule 224. Under the facts as alleged by petitioners and contrary to the trial court's ruling, Constellation and its attorneys were not "individuals or entities who stand in the universe of potential defendants" responsible in damages for defamation or breach of contract. *Beale*, 279 Ill. App. 3d at 252. Constellation and its attorneys were not the entity or people who made the alleged false and defamatory statements about Dent's conduct at the events sponsored by Constellation; they were merely participants in the subsequent investigation of the alleged defamatory statements that resulted in the termination of petitioners' at-will contracts.

¶ 29    The extent of a petitioner's permissible inquiry to limit or define the universe of potential defendants "must be determined by the trial judge on a case-by-case basis and in consideration of the cause of action alleged. When in the trial court's discretion the petitioner seeks to establish actual liability or responsibility rather than potentiality for liability, discovery should be denied." *Id.* at 252-53. Here, however, since the sought-after information of the identity of Persons A, B,

and C pertained only to their potential for liability and not to actual liability, the allowance of that discovery would not have exceeded the scope of Rule 224. Therefore, it was an abuse of discretion for the trial court to *sua sponte* dismiss with prejudice petitioners' Rule 224 petition. "In reaching this conclusion, we are mindful of concerns regarding [the] use of Rule 224 to conduct fishing expeditions" (*id.* at 254) and opening the lid to Pandora's box to enable every potential plaintiff with competent counsel to push the limits of permissible presuit discovery beyond the identity of responsible persons (*Roth*, 241 Ill. App. 3d at 421 (Lewis, J., specially concurring)). "However, we correspondingly recognize the need to allow the trial court to exercise its discretion within the scope and latitude of the rule, to establish boundaries, given the nature of the case before it, and to grant limited discovery to acquire information which would suggest the potentiality of liability so as to make the subsequent filing of a lawsuit a fruitful pursuit." *Beale*, 279 Ill. App. 3d at 254.

¶ 30    Finally, *Low Cost Movers, Inc.*, does not support the trial court's determination that presuit discovery under Rule 224 was not necessary based on petitioners' knowledge of the identity of Constellation, the respondent-in-discovery, and its attorneys. In *Low Cost Movers, Inc.*, the petitioner, an online advertiser alleged that its ads had been flagged and deleted from a website since 2011 and sought presuit discovery from the respondent-in-discovery, the website operator, to obtain the identity of anyone who had flagged the advertiser's advertisements for removal from the website. 2015 IL App (1st) 143955, ¶ 4. The respondent disclosed that since 2014 it had removed, on its own initiative, all of the advertiser's ads based on violations of respondent's terms of use. *Id.* ¶ 5. The respondent asked the petitioner to propose a limited date range so that respondent could assess the cost and feasibility of running a search to identify who had flagged petitioner's ads before 2014. *Id.* ¶ 6. After the petitioner failed to provide any proposed dates, the

respondent argued that it had complied with its obligations under Rule 224, and the trial court *sua sponte* dismissed the petitioner's Rule 224 petition. *Id.*

¶ 31 Thereafter, the petitioner moved to vacate the dismissal, conceding that the respondent had identified itself as one potential defendant but arguing that petitioner should still be allowed to discover if others might have flagged its ads before 2014. *Id.* ¶ 7. The respondent argued that there was every reason to believe it had removed the ads before 2014. *Id.* The trial court denied the motion to vacate, finding that the purpose of Rule 224 had been satisfied because at least one potential defendant had been identified. *Id.* The reviewing court stated that "Rule 224 was not intended to permit a party to engage in a wide-ranging, vague, and speculative quest to determine whether a cause of action actually exist[ed]" and held that the trial court's dismissal of the petition was not an abuse of discretion based on the respondent's disclosure of itself as a potential defendant and the petitioner's failure to provide any date range to limit the respondent's search. *Id.* ¶¶ 17-18.

¶ 32 Unlike *Low Cost Movers, Inc.*, in the instant case no potential defendant has been identified. Furthermore, petitioners' discovery request was not a wide-ranging, vague, and speculative quest to determine whether a cause of action actually existed. Petitioners are not speculating that someone may have defamed Dent; Constellation told petitioners that three specific although unnamed people had made specific factual allegations about Dent.

¶ 33 For the foregoing reasons, we reverse the trial court's dismissal with prejudice of petitioners' Rule 224 petition to discover the identity of Persons A, B, and C.

¶ 34                              B. Sufficiency of the Rule 224 Petition

¶ 35     Petitioners contend that Constellation improperly cloaked a motion for summary judgment

as a section 2-615 motion to dismiss and introduced new facts not contained in the Rule 224

petition or its exhibits to assert affirmative defenses based on claims of attorney-client privilege

and the qualified privilege of an employee to report harassment to an employer. These new facts

included Person B's status as a Constellation employee, Person B somehow witnessing the alleged

sexual harassment of Person A even though they were at different locations at the time in question,

and Person C's status as an attorney.

¶ 36     Petitioners argue that, for purposes of withstanding a 2-615 motion to dismiss, their petition

sufficiently alleged all the required elements of a defamation claim against Persons A, B, and C

where petitioners alleged that the statements about Dent were defamatory because they imputed to

him acts of moral turpitude and impugned his character, good name, and reputation; the statements

were completely false, were made as statements of fact, and were not privileged; and the statements

caused Constellation to terminate several contracts with petitioners, who suffered damages as a

result. Petitioners also argue that, in the context of a section 2-615 motion to dismiss, the issue of

the existence of a qualified privilege for the defamatory statements must be determined based on

the facts alleged in their Rule 224 petition and the court must interpret the allegations in the light

most favorable to petitioners and accept as true all well-pleaded facts and reasonable inferences

that can be drawn from those facts.

¶ 37     Constellation does not challenge petitioners' allegations on the bases that either the alleged

defamatory statements did not harm Dent's reputation or that the harm was not obvious and

apparent on the face of the statements or that Dent admitted committing the acts alleged in the

statements or that the statements were reasonably capable of an innocent construction or the statements were merely expressions of opinion.

¶ 38     Instead, Constellation argues that the discovery petitioners seek is not necessary because the petition does not state a claim for defamation. Specifically, Constellation argues that the alleged defamatory statements were all qualifiedly privileged and that petitioners failed to overcome that privilege by pleading sufficient facts to demonstrate that the privilege was abused. Constellation asserts that (1) Person A's statements were qualifiedly privileged as statements by a victim of sexual harassment to an investigator engaged by her employer, (2) Person B's statements were qualifiedly privileged because he was a witness who related to the investigator observations of Dent at an event during the same July 2018 golf outing where one of the alleged incidents of harassment occurred, and (3) the statements by Person C, the investigator hired by Constellation, relating the findings of that investigation to Constellation were also qualifiedly privileged.

¶ 39     Constellation argues that petitioners' conclusory allegation that the statements were false does not meet their burden to allege specific facts showing abuse of the privilege. According to Constellation, the facts alleged in the petition tended to show that Constellation and the alleged speakers did not recklessly disregard the truth or falsity of the statements because Constellation retained an outside investigator to investigate the allegations of sexual harassment, the investigator interviewed the victim and witness and then met with Dent and gave him the opportunity to explain his side of the story, Dent's denial of the allegations was found not credible, and Constellation kept the findings of the investigation confidential, disclosing them only in privileged communications with its lawyers.

¶ 40 Although the issue of whether a qualified privilege exists is a question of law for the court, the issue of whether the privilege was abused is a question of fact for the jury. See *Kuwik v. Starmark Star Marketing & Administration, Inc.*, 156 Ill. 2d 16, 25 (1993). Statements covered by a qualified privilege may still be actionable if the privilege is abused. *Gibson v. Philip Morris, Inc.*, 292 Ill. App. 3d 267, 275 (1997). An abuse of a qualified privilege may consist of any reckless act that shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, to limit the scope of the material, or to send the material to only the proper parties. *Kuwik*, 156 Ill. 2d at 31-32.

¶ 41 Rule 224 requires petitioners to demonstrate that discovery of the identity of the individuals designated as Persons A, B, and C was necessary. See *Hadley v. Subscriber Doe*, 2015 IL 118000, ¶ 25. To ascertain whether petitioners satisfied Rule 224's necessity requirement, the court must evaluate whether they presented sufficient allegations of a defamation claim to withstand a section 2-615 motion to dismiss. See *id.* at 27. In the context of a Rule 224 petition, a section 2-615 motion to dismiss tests the legal sufficiency of a petition by asking whether the allegations of that petition, when viewed in the light most favorable to the petitioner, state sufficient facts to establish a cause of action upon which relief may be granted. See *id.* ¶ 29.

> "All facts apparent from the face of the [petition], including any attached exhibits, must be considered. A circuit court should not dismiss a [petition] under section 2-615 unless it is clearly apparent no set of facts can be proved that would entitle the [petitioner] to recovery. [Citation.] The standard of review is *de novo*. [Citation.]
>
> To state a cause of action for defamation, a [petitioner] must present facts showing the [potential] defendant made a false statement about the [petitioner], the

[potential] defendant made an unprivileged publication of that statement to a third party, and the publication caused damages. [Citation.] A defamatory statement is one that harms a person's reputation because it lowers the person in the eyes of others or deters others from associating with her or him. [Citation.]" *Id.* ¶¶ 29-30.

¶ 42    Constellation brought its motion to dismiss pursuant to section 2-615 of the Code, but its arguments rest on its contention that the alleged defamatory statements are protected by a qualified privilege for statements made in the reporting and investigation of sexual harassment in the workplace. Constellation argues this privilege should bar disclosure of the identity of Persons A, B, and C because petitioners failed to overcome this privilege by alleging facts showing an abuse of that privilege. We disagree.

¶ 43    Facts not alleged in or attached to the complaint cannot support a section 2-615 motion. *Gilmore v. Stanmar, Inc.*, 261 Ill. App. 3d 651, 654 (1994). In essence, Constellation's argument raises an affirmative defense and improperly attempts to introduce at this presuit stage new facts to support its affirmative defense of a qualified privilege. If allowed, such a maneuver would prejudice petitioners, whose response to the affirmative defense would be hindered based on their inability to conduct any discovery without knowing the identity of Persons A, B, and C.

¶ 44    Privilege is an affirmative defense that may be susceptible to resolution by a motion for summary judgment or a motion to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)) (see *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶ 15), but privilege should not be considered when resolving a section 2-615 motion to dismiss (see *Becker v. Zellner*, 292 Ill. App. 3d 116, 122 (1997) (generally, "affirmative defenses may not be raised in a section 2-615 motion"); *Maxon*, 402 Ill. App. 3d at 712  (an affirmative defense is not considered under a

section 2-615 analysis)). We will confine our review to the standards for reviewing section 2-615 motions and not consider alleged facts not shown on the face of the petition or in its attached exhibits. See *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007).

¶ 45    "[A] court must take as true all well-pled allegations of fact contained in the complaint and construe all reasonable inferences therefrom in favor of the plaintiff." *Vernon v. Schuster*, 179 Ill. 2d 338, 341 (1997). In ruling on a motion to dismiss, the court will construe pleadings liberally. *Pfendler v. Anshe Emet Day School*, 81 Ill. App. 3d 818, 821 (1980). However, the court will not admit conclusions of law and conclusory allegations not supported by specific facts. *Village of South Elgin v. Waste Management of Illinois, Inc.*, 348 Ill. App. 3d 929, 930-31 (2004). "A plaintiff is not required to prove his case in the pleading stage; rather, he must merely allege sufficient facts to state all the elements which are necessary to constitute his cause of action." *Claire Associates v. Pontikes*, 151 Ill. App. 3d 116, 123 (1986).

¶ 46    Defamation can be either defamation *per se* or defamation *per quod. Stone v. Paddock Publications, Inc.*, 2011 IL App (1st) 093386, ¶ 24. A statement is defamatory *per se* if its harm is obvious and apparent on its face. *Id.* ¶ 25. When a statement is defamatory *per se,* a plaintiff need not plead actual damage to his or her reputation because the statement is deemed to be so obviously and materially harmful that injury to the plaintiff's reputation is presumed. *Id.* However, because a claim of defamation *per se* relieves a plaintiff of the obligation to prove actual damages, it must be pled with a heightened level of precision and particularity. *Id.* Illinois recognizes five categories of statements that are defamatory *per se:* (1) words imputing the commission of a criminal offense, (2) words imputing an infection with a loathsome communicable disease, (3) words imputing an individual's inability to perform his employment duties or a lack of integrity in performing those

duties, (4) words imputing a lack of ability in an individual's profession or prejudicing an individual in his or her profession, and (5) words imputing an individual's engagement in fornication or adultery. *Id.* The third and fourth categories are generally relevant here: words prejudicing Dent in his profession and imputing a lack of integrity based on his alleged drunk and disorderly condition at an event sponsored by Constellation, a party engaged in several contracts with Dent and his firm, and his alleged sexual harassment of a Constellation employee at that event.

¶ 47 Petitioners alleged that Person A falsely stated that Dent verbally and physically sexually harassed her at two events sponsored by her employer, Constellation. Additionally, petitioners alleged that Person B falsely stated that Dent was drunk and disorderly at the Constellation-sponsored event in Chicago. Persons A and B then reported these false statements to Person C, an unknown investigator, who then reported this information to Constellation, which decided to terminate its contracts with petitioners based on its investigation regarding the false statements. These allegations are sufficient to withstand dismissal under a section 2-615 analysis, which does not consider affirmative defenses like the alleged existence of a qualified privilege.

¶ 48                                    III. CONCLUSION

¶ 49 For the foregoing reasons, we reverse the judgment of the circuit court that dismissed with prejudice petitioners' Rule 224 presuit discovery petition and remand this cause for further proceedings consistent with this order.

¶ 50 Reversed and remanded.

---

**No. 1-19-1652**

---

| | |
|---|---|
| **Cite as:** | *Dent v. Constellation NewEnergy, Inc.*, 2020 IL App (1st) 191652 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-L-2910; the Hon. Patricia O'Brien Sheahan, Judge, presiding. |
| **Attorneys for Appellant:** | Paul G. Neilan, of Law Offices of Paul G. Neilan, P.C., of Highland Park, for appellants. |
| **Attorneys for Appellee:** | Terri L. Mascherin and Christian L. Plummer, of Jenner & Block LLP, of Chicago, for appellees. |