2022 IL App (4th) 210474

NO. 4-21-0474

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 17, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LEIGH MAZRIM, as Parent and Legal Guardian of G.M., | ) ) | Appeal from Circuit Court of |
| Petitioner-Appellee, | ) | Sangamon County |
| v. | ) | No. 21MR869 |
| DECATUR MEMORIAL HOSPITAL and THE DEPARTMENT OF CORRECTIONS, | ) ) ) | Honorable |
| | ) | Jennifer M. Ascher, |
| Respondents | ) | Judge Presiding. |
| (Decatur Memorial Hospital, Respondent-Appellant). | | |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Justices DeArmond and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1 Respondent, Decatur Memorial Hospital, appeals the judgment of the circuit court granting petitioner, Leigh Mazrim, as parent and legal guardian of G.M., her petition for discovery pursuant to Illinois Supreme Court Rule 224 (eff. Jan. 1, 2018), which allowed petitioner to "conduct discovery to identify those individuals and entities who are potentially responsible in damages pursuant to a [*sic*] Supreme Court Rule 224, which necessitates the production of the prenatal care records of Amanda McGuire while pregnant with [G.M.]."

¶ 2 On appeal, respondent argues the circuit court erred in granting the petition for discovery. Respondent maintains that allowing petitioner's discovery request for information not related to identification so petitioner can determine how the individuals named in the requested medical records could be liable was improper where the records sought were those of G.M.'s biological mother while G.M. was *in utero* and the biological mother did not consent to the

release of the records. Specifically, respondent asserts the circuit court abused its discretion by failing to limit the scope of discovery to ascertaining identity only as required by Rule 224. We affirm in part, reverse in part, and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4             On June 29, 2021, petitioner filed a petition for discovery pursuant to Rule 224, naming both Decatur Memorial Hospital and the Department of Corrections as respondents. Petitioner provided that on October 12, 2019, G.M. was born to Amanda McGuire at Decatur Memorial Hospital. Petitioner alleged that, during birth, G.M. sustained birth-related injuries as a result of negligent prenatal care of Amanda McGuire and negligent treatment surrounding the labor and delivery of G.M. Petitioner further asserted Amanda McGuire received prenatal care and treatment while she was pregnant with G.M. and incarcerated at Logan Correctional Center. On March 16, 2021, the circuit court in Sangamon County entered a judgment of adoption naming petitioner and Michael T. Mazrim as parents and legal guardians of G.M.

¶ 5             Through the petition for discovery, petitioner sought leave to discover the "prenatal care medical records of Amanda McGuire up to the time of [G.M.'s] delivery." Petitioner provided,

> "Illinois courts have ruled that the prenatal care records bearing the name of the mother during the period that her child was *in utero* are, for all purposes, the medical records of her child. *El-Amin v. Dempsey*, 329 Ill. App. 3d 800, 809, 768 N.E.2d 344, 352 (2002)."

Petitioner argued,

> "Discovery pursuant to Illinois Supreme Court Rule 224 is necessary to determine liability, as well as to identify the potential defendants to be named in a

civil action who may possess any liability for the injuries sustained by [G.M.] as a

result of the prenatal care received by Amanda McGuire while she was *in utero*,

as well as the labor and delivery surrounding her birth."

Petitioner stated she sought "said discovery for the sole purpose of ascertaining the identity of

potential defendants responsible for damages in the above-referenced incident."

¶ 6        On June 30, 2021, the petition and a summons were personally served upon both

Decatur Memorial Hospital and the Department of Corrections. The summons provided, "If you

wish to contest the entry of such Order [of Discovery], you must appear at this Hearing on July

19, 2021, at 9:00 a.m." On July 19, 2021, petitioner and the Department of Corrections appeared

at the hearing on petitioner's petition for discovery. Decatur Memorial Hospital did not appear at

the hearing, file a response to petitioner's petition, or otherwise enter an appearance.

¶ 7        Following the July 19, 2021, hearing, the circuit court granted petitioner's petition

for discovery. On July 20, 2021, the court entered a written order requiring Decatur Memorial

Hospital and the Department of Corrections to comply with petitioner's discovery requests and

issued an "Agreed Qualified HIPAA Protective Order" to maintain the confidentiality of

Amanda McGuire's medical records. Specifically, the court ordered that "[a]ny and all

communications, documents, and reports relating to the prenatal care of Amanda McGuire

during her pregnancy with [G.M.] shall be considered within the scope of Petitioner's allowable

discovery requests, to which Respondents are hereby compelled to respond within the time

allotted in this Order." The court also directed the circuit clerk to seal the case file, which "shall

not be accessible without leave of court." Subsequently, petitioner issued interrogatories and

requests to produce to both Decatur Memorial Hospital and the Department of Corrections

seeking disclosure of, among other things, medical records related to the prenatal care of Amanda McGuire.

¶ 8　　　　On July 29, 2021, respondent filed a motion to reconsider asking the circuit court to reconsider its order and dismiss petitioner's petition for discovery, asserting, in part, the petition and discovery order were outside the scope of discovery allowed under Rule 224. In the motion to reconsider, respondent explained no appearance was made on its behalf at the July 19, 2021, hearing on petitioner's petition for discovery due to an administrative error. Respondent attached to its motion a June 2, 2021, letter from petitioner's attorney to respondent, asking it to preserve evidence related to Amanda McGuire's and G.M.'s care. In the letter, petitioner identified, by name, 17 treating clinicians involved in the care of Amanda McGuire and G.M. On August 9, 2021, petitioner filed a response to respondent's motion to reconsider. On August 11, 2021, respondent filed a response to petitioner's response to motion to reconsider or, in the alternative, motion to vacate order.

¶ 9　　　　On August 12, 2021, the circuit court held a hearing on respondent's motion to reconsider. At the start of the hearing, the circuit court granted respondent's motion to reconsider and vacated its July 20, 2021, order. Next, the court allowed the parties to argue the issues in respondent's motion to reconsider. Petitioner asserted she sought the prenatal medical records of Amanda McGuire while G.M. was *in utero* by submitting a request for the records and attaching an authorization signed by petitioner. According to petitioner, respondent denied the records request because Amanda McGuire did not consent or sign a release. Petitioner provided Amanda McGuire was "[nowhere] to be found." Thus, petitioner now sought the medical records under Rule 224. Specifically, petitioner stated, "We are simply looking for the documents that are necessary to discover those who potentially are liable—are responsible in damages." Petitioner

- 4 -

provided she did not "have the information to determine who is potentially responsible, despite having names because of that threshold for a medical malpractice action." Respondent argued the records sought by petitioner were outside the scope of what is allowed under Rule 224. Respondent stated, "What is allowed under [Rule] 224 and the case law is identification of those who may be responsible."

¶ 10 Ultimately, the circuit court determined that pursuant to *El-Amin v. Dempsey*, 329 Ill. App. 3d 800, 768 N.E.2d 344 (2002), the prenatal care records of Amanda McGuire during the period G.M. was *in utero* were, for all purposes, the medical records of G.M. Thus, the court determined petitioner, as legal guardian of G.M., had no other way to obtain the records than to file a petition under Rule 224. The court reinstated its order based on *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242, 664 N.E.2d 302 (1996). Specifically, the court relied on the following quote from *Beale*:

> "Thus, a reasonable interpretation of Rule 224 would permit the trial judge some latitude of discretion under its provisions to allow discovery of certain additional facts pertaining to the relationship between the stock purchasers and the corporate insiders to further define and narrow the universe of potential defendants. The rule would not allow, however, further discovery of specific facts of wrongdoing." *Id.* at 253.

Ultimately, the court stated,

> "I still find in favor of [petitioner] pursuant to the case law in *Beale*. The records will be disclosed, as I previously ordered with respect to the protections that I ordered, and the reason for my ruling is [G.M.'s] inability to get the records

in any other manner. I appreciate, that under [Rule] 224, the records do more than just identify, but pursuant to *Beale*, I do feel as though they permit [G.M.] and her family to identify who is responsible rather than just identify, as [petitioner] stated, who was in the room."

¶ 11 On August 19, 2021, the circuit court entered a written order reinstating its July 20, 2021, order permitting petitioner "to conduct discovery to identify those individuals and entities who are potentially responsible in damages pursuant to a [*sic*] Supreme Court Rule 224, which necessitates the production of the prenatal care records of Amanda McGuire while pregnant with [G.M.]."

¶ 12 This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, respondent argues the circuit court abused its discretion in granting petitioner's petition for discovery where it failed to limit the scope of petitioner's discovery to ascertaining identity as required by Rule 224. Petitioner argues if this court finds Amanda McGuire's prenatal care medical records for the time G.M. was *in utero* are G.M.'s medical records to which she is entitled, then this appeal is moot. In the alternative, petitioner argues the circuit court's order complied with Rule 224 and the court did not err in relying on *Beale*.

¶ 15 We initially note, we are of the opinion that the requisite medical records are discoverable under both (1) *El-Amin*, 329 Ill. App. 3d at 809, where the medical records of the biological mother during the period her child was *in utero* were, for all purposes, the medical records of the child and (2) Rule 224, where petitioner seeks discovery to ascertain the identity of one who may be responsible in damages.

¶ 16          We find the prenatal care medical records of Amanda McGuire are discoverable pursuant to *El-Amin*, 329 Ill. App. 3d at 809, because Amanda McGuire's medical records during the period when G.M. was *in utero* are, for all purposes, the medical records of G.M. In *El-Amin*, the appellate court found, as a practical matter, it would be impossible for anyone to obtain the child's medical records—separate from the mother's medical records—for the time the child was *in utero*. *Id.* Therefore, the court held that "the prenatal care records bearing the name of [the biological mother] during the period that her son was *in utero* are, for all purposes, the medical records of her son." *Id.*

¶ 17          Here, as in *El-Amin*, Amanda McGuire's medical records cannot be separated from G.M.'s medical records for the time G.M. was *in utero*. Therefore, because the medical records were also G.M.'s medical records, respondent does not need Amanda McGuire's consent to release the records to G.M.'s legal guardian. Accordingly, petitioner, as legal guardian of G.M., is entitled to discovery of G.M.'s medical records while *in utero* up until the time of G.M.'s delivery.

¶ 18          We also find G.M.'s medical records are discoverable pursuant to Rule 224, where petitioner seeks discovery to ascertain the identity of one who may be responsible for G.M.'s injuries following her birth.

¶ 19          Respondent argues the circuit court's order granting petitioner's Rule 224 petition was far too broad and did not limit the scope of discovery to solely allow petitioner to ascertain the identity of individuals who may be responsible in damages where the court authorized the release of "[a]ny and all communication, documents, and reports relating to the prenatal care of Amanda McGuire during her pregnancy with [G.M.]" Moreover, respondent argues petitioner was already aware of the identity of multiple clinicians involved in the care of Amanda McGuire

during her delivery of G.M., as evidenced by a June 2021 letter sent by petitioner to respondent, requesting the preservation of medical records.

¶ 20 Petitioner argues respondent forfeited this argument where it contested the entry of the circuit court's order granting petitioner's Rule 224 petition for the first time in a motion to reconsider. While we find petitioner's forfeiture argument is well taken, we elect to exercise our discretion and consider the merits of respondent's argument. See *People v. Rajner*, 2021 IL App (4th) 180505, ¶ 23 (" '[F]orfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue.' " (quoting *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36, 100 N.E.3d 482)). We do so in this instance because the circuit court and the parties addressed the issue during the hearing on respondent's motion to reconsider.

¶ 21 The filing of a petition pursuant to Rule 224(a)(1), creates an independent action for discovery to identify a party that may be responsible in damages. Ill. S. Ct. R. 224(a)(1) (eff. Jan. 1, 2018). Specifically, Rule 224(a)(1) provides, in relevant part, as follows:

> "(i) A person or entity who wishes to engage in discovery
>
> for the sole purpose of ascertaining the identity of one who may be
>
> responsible in damages may file an independent action for such
>
> discovery.
>
> (ii) *** The order allowing the petition will limit discovery
>
> to the identification of responsible persons and entities ***." *Id.*

The committee comments that follow the rule state, "This rule provides a tool by which a person or entity may, with leave of court, compel limited discovery before filing a lawsuit in an effort to determine the identity of one who may be liable in damages." Ill. S. Ct. R. 224, Committee Comments (adopted Aug. 1, 1989).

¶ 22            "Involvement of the trial court protects against abuses of the discovery process and guards against ' "fishing expeditions." ' " *Low Cost Movers, Inc. v. Craigslist, Inc.*, 2015 IL App (1st) 143955, ¶ 12, 45 N.E.3d 357 (quoting *Shutes v. Fowler*, 223 Ill. App. 3d 342, 345, 584 N.E.2d 920, 923 (1991)). This court reviews the circuit court's ruling pursuant to Rule 224 for an abuse of discretion. *Dent v. Constellation NewEnergy, Inc.*, 2020 IL App (1st) 191652, ¶ 22, 175 N.E.3d 742 (citing *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 709, 929 N.E.2d 666, 710 (2010)).

¶ 23            Based on the plain language of Rule 224, we find G.M.'s medical records while *in utero* are discoverable but subject to redaction. When looking at the wording of Rule 224, we find the language of the rule quite broad. While the outcome of a petition for discovery is to ascertain the identity of one who may be responsible in damages, absent in the rule is any language limiting the method, means, or source from which one may seek to determine the identity of one who may be responsible in damages. Specifically, a person engaging in discovery may need to seek evidence showing more than just a name or a task performed by a person to ascertain the identity of one who may be responsible in damages.

¶ 24            Here, petitioner sought to engage in discovery to ascertain the identity of one who may be responsible for G.M.'s injuries following her birth. We find a letter containing a list of names fails to provide petitioner with sufficient information to ascertain the identity of who may be responsible in damages. We also find *Beale* instructive.

¶ 25            In *Beale*, the petitioner filed a Rule 224 petition for presuit discovery that went beyond the names and addresses of people who could have been responsible in damages. *Beale*, 279 Ill. App. 3d at 244. "[T]he trial court granted [the] petitioner's discovery request and ordered the respondent to turn over a document that, in the court's opinion, would identify certain

persons who could be responsible in damages to the petitioner." *Id.* at 245. The appellate court affirmed, finding the trial court did not abuse its discretion in granting the petitioner's request for discovery under Rule 224. *Id.* at 253-54. The appellate court determined the "[p]etitioner's knowledge of the names of individuals or couples who acquired stock in EdgeMark immediately before the public announcement, without more, does little if anything to define or narrow the universe of potential defendants from the general members of the stock-purchasing public." *Id.* at 253. The court found, "[w]ithout information concerning the existence of relationships or affiliations between the named individuals and EdgeMark's officers or directors or representatives, any claim of insider trading would have been entirely speculative and baseless." *Id.*

¶ 26        The *Beale* court held, "Where the petitioner is apprised of a sufficient connection to the injury by an individual or entity so as to place such individual or entity within the universe of potential defendants, the petitioner may not seek further discovery of facts pertaining to any actual wrongdoing." *Id.* at 252.

> "However, where the known connection to the injury is remote and does little or nothing to limit or define the universe of potential defendants, the petitioner should not be precluded from ascertaining additional connecting facts to further refine the universe of defendants having potential liability so long as the attempted discovery does not seek to delve into any actual details of wrongdoing." *Id.* at 252-53.

The court further provided, "The extent of this permissible inquiry must be determined by the trial judge on a case-by-case basis and in consideration of the cause of action alleged." *Id.* at 253.

¶ 27        In *Gaynor v. Burlington Northern & Santa Fe Ry.*, 322 Ill. App. 3d 288, 294, 750 N.E.2d 307, 312 (2001), the appellate court further described the *Beale* court's explanation of discovery available under Rule 224 as follows,

> "*Beale* held that, on occasion, the identification of a
>
> defendant may require more than simply a name and that, on those
>
> occasions, discovery under Rule 224 is not limited to the
>
> petitioner's ascertainment of a name only. However, even under
>
> *Beale*, knowledge of the connection of an individual to the injury
>
> involved will preclude further discovery under the rule."

¶ 28        Here, petitioner did not know the potential connection between the named clinicians and what role, if any, the named clinicians may have played in relation to G.M.'s birth injures. Petitioner sought connecting factors through discovery of the medical records to find potential liability, not actual details of wrongdoing. Accordingly, we find that while the circuit court did not abuse its discretion when it granted discovery of G.M.'s medical records, petitioner's interrogatories exceeded the scope of Rule 224. Therefore, under the circumstances of this case, we find petitioner is entitled only to limited discovery of G.M.'s medical records to find a potential connection in liability.

¶ 29        At oral argument, petitioner argued that if this court allowed the discovery of G.M.'s medical records subject to redaction, she would not seek other discovery. Therefore, based on our resolution and the petitioner's position during oral argument, we find petitioner is only entitled to discovery of G.M.'s medical records and the medical records are to be reviewed by the circuit court during an *in camera* inspection and redacted to remove any information not "ascertaining the identity of one who may be responsible in damages." Accordingly, we reverse

the circuit court's order granting petitioner broad discovery through interrogatories and remand for the defendant to release the records to the circuit court, who shall review G.M.'s medical records, make any necessary redactions, and then order the respondent to turn over the medical records (with any redactions) to the petitioner.

¶ 30                                    III. CONCLUSION

¶ 31          For the reasons stated, we affirm in part, reverse in part, and remand with directions.

¶ 32          Affirmed in part and reversed in part.

¶ 33          Cause remanded with directions.

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 21-MR-869; the Hon. Jennifer M. Ascher, Judge, presiding. |
| **Attorneys for Appellant:** | William A. Davis, of Brown, Hay & Stephens, LLP, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Benjamin M. Sgro and Gregory P. Sgro, of Sgro, Hanrahan, Durr & Rabin, LLP, of Springfield, for appellee. |